YOUNG, ADMINISTRATOR, *v.* G. L. TARLTON, CONTRACTOR, INC.

4-6709                                        162 S. W. 2d 477

Opinion delivered May 11, 1942.

*Coulter & Coulter,* for appellant.

*Buzbee, Harrison & Wright,* for appellee.

SMITH, J. Appellant, Cole Young, as administrator of the estate of Thomas E. Young, brought this suit to recover damages for the alleged negligent killing of his intestate against defendants in whose service the intestate was employed at the time of his death. It was alleged that on December 10, 1940, intestate was run over by a truck driven by another employee of defendants, the circumstances of which are detailed and are alleged to constitute actionable negligence.

A motion to dismiss the complaint was filed, which averred that the provisions of § 9130, Pope's Digest, pursuant to which the suit was brought, were inapplicable, for the reason that Act 319 of the Acts of 1939, p. 777, known as the Workmen's Compensation Law, was in effect on December 10, 1940, and that defendants had fully complied with the provisions of said act, so as to bring plaintiff's intestate under the exclusive remedies contained in said act, and it was, therefore, alleged that the Arkansas Workmen's Compensation Commission had sole jurisdiction to hear and determine any question relative to the payment of money benefits arising from the death of the intestate.

A response to this motion was filed, which alleged that defendants were not, on December 10, 1940, subject to nor protected by the Workmen's Compensation Law, for the reasons: (1) defendants were engaged in performing labor and doing work within the confines of a United States military post; (2) defendants were foreign corporations and not authorized to transact business in Arkansas, and were not subject to the Arkansas Workmen's Compensation Law, and had not complied with the provisions of §§ 7 and 8 of that act; (3) defendants had not secured the payment of compensation as required by the provisions of the compensation act or posted or given the notice required by law that they had done so; (4) that the policy of compensation insurance had not been properly approved; (5) the law is unconstitutional and void, in that, pursuant to the provisions of § 25 thereof, it deprives the claimant of his right to a trial of facts by a jury, contrary to the provisions of § 7 of art. 2 of

the Constitution of Arkansas, and of art. 7 of the Amendments to the Constitution of the United States.

Interrogatories were attached to this response requiring defendants to answer in what manner they had complied with the provisions of the act, thereby bringing themselves within its protection.

A verified answer was filed in response to these interrogatories, the truth of which was not questioned, showing full and proper compliance with the act.

The motion to dismiss was overruled, whereupon defendants filed an answer, in which, after reserving their prayer that the cause of action be dismissed, all the material allegations of the complaint in regard to negligence were denied, and it was alleged that the intestate's death was due solely to his own negligence. The case proceeded to a trial. At the conclusion of the introduction of the testimony the court charged the jury as follows: "Ladies and gentlemen of the jury, the plaintiff having rested on the question of liability, the defendant has moved for an instructed verdict, which motion is by the court granted. The court feels in this case that under the most favorable testimony, and giving all the weight and credit to the testimony the court in its discretion can give to the testimony of the witnesses for the plaintiff, the plaintiff has not made out a case of negligence. The testimony might show that the truck driver in this case may have violated some regulation they had with reference to starting of trucks without the employees on them. Here the testimony is undisputed the employee had gone on some sort of errand and came out and saw the truck moving and attempted to climb onto the truck while it was moving and fell under it and was killed. The court rules as a matter of law that under the testimony there is nothing for the jury to determine because his negligence was the proximate cause of his injury and the sole cause of his injury and death and for those reasons the court directs you to return this verdict: 'We, the jury, under direction of the court, find for the defendants.'"

Judgment for defendants was pronounced upon the verdict returned under this direction of the court, and from that judgment is this appeal.

It was shown in the testimony that intestate's employer was engaged in construction work at Camp Robinson, a United States military post; but that fact does not render the provisions of the act inapplicable. Section 290, Title 40, USCA, reads as follows: "Section 290. State workmen's compensation laws; extension to buildings and works of United States.

"Whatsoever constituted authority of each of the several states is charged with the enforcement of and requiring compliance with the state workmen's compensation laws of said states and with the enforcement of and requiring compliance with the orders, decisions, and awards of said constituted authority of said states shall have the power and authority to apply such laws to all lands and premises owned or held by the United States of America by deed or act of cession, by purchase or otherwise, which is within the exterior boundaries of any state, and to all projects, buildings, constructions, improvements and property belonging to the United States of America, which is within the exterior boundaries of any state, in the same way and to the same extent as if said premises were under the exclusive jurisdiction of the state within whose exterior boundaries such place may be.

"For the purposes set out in this section, the United States of America hereby vests in the several states within whose exterior boundaries such place may be, in so far as the enforcement of state workmen's compensation laws are affected, the right, power and authority aforesaid; provided, however, that by the passage of this section the United States of America in nowise relinquishes its jurisdiction for any purpose over the property named, with the exception of extending to the several states within whose exterior boundaries such place may be only the powers above enumerated relating to the enforcement of their state workmen's compensation laws as herein designated; provided further, that nothing in

this section shall be construed to modify or amend §§ 751 to 796 of Title 5. June 25, 1936, c. 822, §§ 1, 2, 49 Stat. 1938, 1939.''

The laws of this state relative to the domestication of foreign corporations have no application, for the reason that appellees were engaged in construction work for the United States at a military post under the jurisdiction of the United States. In the case of *Surplus Trading Co.* v. *Cook,* 281 U. S. 647, 50 S. Ct. 455, 74 L. Ed. 1091, it was held, in reversing the opinion of this court reported in *Haynie* v. *Surplus Trading Company,* 174 Ark. 507, 297 S. W. 822, that (to quote a headnote) ''Under art. 1, § 8, cl. 17, of the Constitution, land purchased by the United States for an army station, with the consent of the legislature of the state in which it lies, comes under the exclusive jurisdiction of the United States, and private personal property there situate can not be taxed by the state.'' The camp there called Camp Pike is now called Camp Robinson.

Section 4 of Act 319, *supra,* provides that ''The rights and remedies herein granted to an employee subject to the provisions of this act, on account of personal injury or death, shall be exclusive of all other rights and remedies of such employee, his legal representatives, dependents, or next of kin, or anyone otherwise entitled to recover damages from such employer on account of such injury or death, except that if an employer fails to secure the payment of compensation as required by the act, an injured employee, or his legal representative, in case death results from the injury, may, at his option, elect to claim compensation under this act or to maintain an action in the courts for damages on account of such injury or death. . . .''

As has been said, the employers had not failed ''to secure the payment of compensation as required by the act,'' and the remedies provided by it are, therefore, exclusive, and the motion to dismiss the complaint should have been sustained.

That legislation similar to our Act 319 is not violative of the Federal Constitution is definitely settled by the

opinion of the Supreme Court of the United States in the case of *Mountain Timber Co.* v. *State of Washington,* 243 U. S. 219, 37 S. Ct. 260, 61 L. Ed. 685, Ann. Cas. 1917D, 642. Nor does Act 319 violate our own Constitution, for full authority for its enactment was given by Amendment No. 26 to the Constitution, adopted at the 1938 general election. This amendment reads as follows: "The General Assembly shall have power to enact laws prescribing the amount of compensation to be paid by employers for injuries to or death of employees, and to whom said payment shall be made. It shall have power to provide the means, methods, and forum for adjudicating claims arising under said laws, and for securing payment of same. Provided, that otherwise no law shall be enacted limiting the amount to be recovered for injuries resulting in death or for injuries to persons or property; and in case of death from such injuries the right of action shall survive, and the General Assembly shall prescribe for whose benefit such action shall be prosecuted."

This amendment confers upon the General Assembly the power to enact legislation prescribing the amount of compensation to be paid employees for injury or death, and to whom such payments shall be made. It confers power to prescribe the means, methods and forum for the adjudication of such claims, and for securing the payment thereof. It was pursuant to this amendment, and under the authority there conferred, that Act 319 was passed and became a law. The amendment provides that otherwise, that is, except in cases arising between employer and employee, no law shall be passed limiting the amount to be recovered for injuries resulting in death or for injuries to persons or property. The effect of this amendment is to amend both § 7 of art. 2 and § 32 of art. 5 of the Constitution in the respects indicated.

It appears that every state in the Union, save only the state of Mississippi, now has legislation more or less similar to our Act 319, all of which have the same general purpose, and that such legislation has been uniformly upheld. The legislation has been attacked upon almost every ground which the ingenuity of learned counsel could conceive. At § 14, p. 64, vol. 1, Honnold on Work-

men's Compensation, it is said: "Every conceivable constitutional objection has been made to the various acts. They have been quite uniformly upheld as against general objections that they are unconstitutional, and as against the objections that they are class legislation and make unreasonable classifications, deny equal protection and due process of law, impair the obligation of existing contracts, though applying to such contracts, and interfere with the right to contract, the right to jury trial, and vested rights by abolishing existing statutory and common-law remedies, and that they abridge privileges and immunities."

Many cases from various states are cited in support of the text quoted, but it would be a work of supererogation to review them. Nearly all the states have constitutional provisions similar to, and, in some states, identical with, our constitution in regard to trial by jury.

The case of *Hunter* v. *Colfax Consolidated Coal Co.*, decided by the Supreme Court of Iowa, November 24, 1915, 175 Iowa 245, 154 N. W. 1037, 1917E, Ann. Cas. 803, L. R. A. 1917D, 15, is one which has been cited and approved by many courts, and contains an exhaustive discussion of the subject.

In vol. 1 (Permanent Edition) Schneider's Workmen's Compensation Text (§§ 27 to 76) appears a summary of the holdings of all the states, arranged alphabetically from Alabama to Wyoming, on the constitutionality of such legislation. Mississippi, which has no such law, was not included, nor was this state, as our own law had not been passed upon by this court when the text was written.

Alaska was one of the few jurisdictions in which such legislation was held invalid for any reason, and the legislation of that territory was held invalid for the reason that it required employers to make payments to the territory for the benefit of aged residents, and this was held a tax rather than compensation.

Generally, this legislation was upheld as a valid exercise of the state's police power, and the reasoning of many of these cases is similar to that of the Supreme

Court of Illinois in the case of *Grand Trunk Western Ry. Co.* v. *Industrial Commission,* 291 Ill. 167, 125 N. E. 748, where it was said: "The act here in question takes away the cause of action on the one hand and the ground of defense on the other and merges both in a statutory indemnity fixed and certain. If the power to do away with a cause of action in any case exists at all in the exercise of the police power of the state, then the right of trial by jury is therefore no longer involved in such cases. The right of jury trial being incidental to the right of action, to destroy the latter is to leave the former nothing upon which to operate."

The major part of Vol. 71, Corpus Juris, is devoted to the chapter on Workmen's Compensation Acts, where an indefinite number of cases are cited.

Our own case of *McKinley, Commissioner of Labor,* v. *R. L. Payne & Son Lbr. Co.,* 200 Ark. 1114, 143 S. W. 2d 38, upholding our Unemployment Compensation Act (§§ 8549 to 8569, Pope's Digest) as constitutional, while not directly in point, is not wholly inapplicable.

We conclude, therefore, that the motion to dismiss the cause should have been sustained, as the exclusive jurisdiction was vested in the Workmen's Compensation Commission, whose findings are subject to the review provided by § 25 of the act, and the judgment of the court below will, therefore, be reversed, and the cause remanded with directions to sustain the motion to dismiss and to abate the suit.