ODOM v. ARKANSAS PIPE & SCRAP MATERIAL COMPANY.

4-7633                                      187 S. W. 2d 320

Opinion delivered May 7, 1945.

*Ed F. McDonald,* for appellant.

*Wayne Jewell,* for appellee.

ROBINS, J. Appellant, Mrs. Lucille Odom, designating herself as "mother and next friend of James Odom, deceased," instituted this suit in the lower court against appellee to recover damages growing out of the death of her minor son, James Odom. Appellant alleged that her said son, who was slightly less than eighteen years old at the time of his death, had been employed by appellee, without her consent, to work at an oil well and while doing so was killed by reason of the negligence of appellee; and, as "heir of his estate," she prayed for damages for her son's pain and suffering in the sum of $15,000, and "as mother and next friend of the said minor" for damages in the sum of $25,000.

By a demurrer to the complaint appellee challenged the capacity of appellant to bring the suit. The demurrer asserted that the court had no jurisdiction of the subject-matter of the action because sole jurisdiction thereof had been conferred on the Arkansas Workmen's Compensation Commission by § 2, sub-division (b), and § 4 of Act 319 of the Acts of the General Assembly of Arkansas approved March 15, 1939. Appellee also filed a motion to dismiss the complaint, in which it averred that appellant and her husband had, as dependents of James Odom, deceased, filed with the Workmen's Compensation Commission a claim for amount due them growing out of the

death of their son; that this claim was finally adjudicated by an order of the Second Division of the Circuit Court of Union county, under which an allowance of $4,742 was made to appellant and her husband, which was paid to them in equal amounts by appellee; that the circuit court denied the dependency claims of Henry Odom, Jr., and Joan Odom, brother and sister of the deceased; and that no appeal was taken from this judgment of the circuit court.

The lower court found that the allegations of appellee's motion to dismiss were true. As a matter of fact, the stipulation, signed by counsel for both sides, recites the facts virtually as set forth in appellee's motion. Finding that there had been a complete adjudication of appellant's claim in the proceeding before the Workmen's Compensation Commission and the circuit court on appeal, the court dismissed the complaint of appellant. To reverse this order appellant prosecutes this appeal.

The lower court properly dismissed appellant's complaint. Under the provisions of the Workmen's Compensation Law the liability therein created is the only liability against the employer that may arise out of the death or injury of an employee subject to the act. We quote below the pertinent provisions of the Workmen's Compensation Law:

Sub-division (b) of § 2: " 'Employee' means any person, including a minor whether lawfully or unlawfully employed, in the service of an employer. . . ."

Section 4: "The rights and remedies herein granted to an employee subject to the provisions of this act, on account of personal injury or death, shall be exclusive of all other rights and remedies of such employee, his legal representative, dependents, or next kin, or anyone otherwise entitled to recover damages from such employer on account of such injury or death, except that if an employer fails to secure the payment of compensation, as required by the act, an injured employee, or his legal representative, in case death results from the injury, may, at his option, elect to claim compensation under

this act or to maintain an action in the courts for damages on account of such injury or death. In such action it shall not be necessary to plead or prove freedom from contributory negligence nor may the defendant employer plead as a defense that the injury was caused by the negligence of a fellow-servant, nor that the employee assumed the risk of his employment, nor that the injury was due to the contributory negligence of the employee."

By adoption of Amendment Number 26 to the constitution the people of this state authorized the Legislature to enact the Workmen's Compensation Law. *Young* v. *G. L. Tarlton,* 204 Ark. 283, 162 S. W. 2d 477. The law is plain and unambiguous. Its purpose and effect was to substitute, as to employment embraced within its terms, the liability created by it for any and all liability of the master arising from the death or injury of his servant. "The remedies provided by Act No. 319 of 1939 (Workmen's Compensation Law) are, unless the employer fails to secure the payment of compensation as required by the Act, exclusive." Headnote 2, *Young* v. *G. L. Tarlton, supra.*

The judgment of the lower court is affirmed.