HAGGER, ADMINISTRATRIX, *v*. WORTZ BISCUIT COMPANY.

4-7942                                     196 S. W. 2d 1

Opinion delivered July 1, 1946.

*D. L. Grace* and *I. S. Simmons,* for appellant.

*Hardin, Barton & Shaw,* for appellee.

ED. F. McFADDIN, Justice. The issues here are: (1) constitutionality of the Arkansas Workmen's Compensation Law; and (2) applicability of that law to the appellant's complaint against appellee.

Wortz Biscuit Company (hereinafter referred to as appellee) operates a baking establishment in Fort Smith. On December 30, 1944, Sylvia Johnson, aged 20, employee of the appellee, lost her life in a fire which occurred at the bakery. Appellant is the mother and administratrix of the estate, of Sylvia Johnson, and, as such, brought action in the circuit court against appellee and Glen Kendall. In addition to the matters above stated, the complaint alleged: that Sylvia Johnson was duly at work when she received her fatal injuries; that the fire which caused the death of Sylvia Johnson was caused by the illegal storing of gasoline in glass containers in the bakery; that the breaking of one or more of such containers near the stoves and ovens caused an explosion and resultant fire; that gasoline in an underground storage tank was used for servicing company cars and delivery trucks; and that all such acts, of storing the gasoline in glass containers and in the underground tank, were violative of city ordinances and state laws, and were "gross, wanton and unlawful"; and that the death of the said Sylvia Johnson was caused by such unlawful and negligent acts.

The complaint further alleged that Glen Kendall was liable as joint tort feasor; because he was the shipping clerk of the appellee, and had charge of the shipping room where Sylvia Johnson was employed; that "the defendant, Glen Kendall, did knowingly, willfully, wrongfully, recklessly and unlawfully store or permit to be stored gasoline in glass containers in the Wortz Biscuit Company plant over which he had supervision and in which the deceased, Sylvia Johnson, was working at the time." The action against Glen Kendall is still pending,

so far as the record here shows. At all events we are now concerned with only so much of the case as involves Wortz Biscuit Company, which is the sole appellee.

To the plaintiff's complaint, the appellee filed a motion to dismiss, alleging that the complaint showed on its face that Sylvia Johnson was, at the time of her death, an employee of appellee, and in discharge of her duties as such employee; and that any claim or cause of action against Wortz Biscuit Company for the death of Sylvia Johnson would have to be brought and prosecuted under the Workmen's Compensation Law of Arkansas, and before the Workmen's Compensation Commission rather than in the circuit court. Appellant resisted the motion on the grounds (1) that the Workmen's Compensation Law was unconstitutional; and (2) that the death of Sylvia Johnson was caused by the gross negligence and unlawful acts of appellee, and therefore the Workmen's Compensation Law did not apply. At the hearing on said motion to dismiss, it was stipulated:

". . . that the deceased Sylvia Johnson was an employee of Wortz Biscuit Company and died on December 30, 1944, while on duty as an employee as the result of injuries received in a fire which occurred on the premises of the Wortz Biscuit Company on that day.

"That the Wortz Biscuit Company at that time employed approximately 150 employees and that it was an employer under the definition contained in section 2 of the Workmen's Compensation Act. That the Wortz Biscuit Company had complied with the terms of the Workmen's Compensation Act by procuring and maintaining in force adequate and complete Workmen's Compensation insurance as required by the Workmen's Compensation Act to secure the payment of compensation."

The circuit court sustained the motion, and entered final judgment dismissing the action against the appellee; and this appeal follows:

I. *The Constitutional Question.* The Arkansas Workmen's Compensation Law is Act 319 of 1939. It

was enacted by the Legislature after the people had adopted Amendment 26 at the General Election on November 8, 1938. The said Amendment 26 reads as follows:

"The General Assembly shall have power to enact laws prescribing the amount of compensation to be paid by employers for injuries to or death of employees, and to whom said payment shall be made. It shall have power to provide the means, methods, and forum for adjudicating claims arising under said laws, and for securing payment of same. Provided, that otherwise no law shall be enacted limiting the amount to be recovered for injuries resulting in death or for injuries to persons or property; and in case of death from such injuries the right of action shall survive, and the General Assembly shall prescribe for whose benefit such action shall be prosecuted."

In *Young* v. *G. L. Tarleton, Contractor*, 204 Ark. 283, 162 S. W. 2d 477, we upheld the constitutionality of Act 319 of 1939, saying:

"That legislation similar to our Act 319 is not violative of the Federal Constitution is definitely settled by the opinion of the Supreme Court of the United States in the case of *Mountain Timber Co.* v. *State of Washington,* 243 U. S. 219, 37 S. Ct. 260, 61 L. Ed. 685, Ann. Cas. 1917D, 642. Nor does Act 319 violate our own Constitution, for full authority for its enactment was given by Amendment No. 26 to the Constitution, adopted at the 1938 general election. . . .,

"This amendment confers upon the General Assembly the power to enact legislation prescribing the amount of compensation to be paid employees for injury or death, and to whom such payments shall be made. It confers power to prescribe the means, methods and forum for the adjudication of such claims, and for securing the payment thereof. It was pursuant to this amendment, and under the authority there conferred, that Act 319 was passed and became a law. The amendment provides

that otherwise, that is, except in cases arising between employer and employee, no law shall be passed limiting the amount to be recovered for injuries resulting in death or for injuries to persons or property. The effect of this amendment is to amend both § 7 of Art. 2 and § 32 of Art. 5 of the Constitution in the respects indicated.

"It appears that every state in the Union, save only the State of Mississippi, now has legislation more or less similar to our Act 319, all of which have the same general purpose, and that such legislation has been uniformly upheld. The legislation has been attacked upon almost every ground which the ingenuity of learned counsel could conceive. At § 14, p. 64, vol. 1, Honnold on Workmen's Compensation, it is said: 'Every conceivable constitutional objection has been made to the various acts. They have been quite uniformly upheld as against general objections that they are unconstitutional, and as against the objections that they are class legislation and make unreasonable classifications, deny equal protection and due process of law, impair the obligation of existing contracts, though applying to such contracts, and interfere with the right to contract, the right to jury trial, and vested rights by abolishing existing statutory and common-law remedies, and that they abridge privileges and immunities.' "

The holding in *Young* v. *Tarlton* is a complete answer to appellant's first contention, which concerns the constitutionality of the Arkansas Workmen's Compensation Law.

II. *The Applicability of the Workmen's Compensation Law to This Case.* Appellant contends that the death of Sylvia Johnson was caused by the willful, wanton and reckless negligence of appellee concurring with like negligence on the part of Glen Kendall; and that the Workmen's Compensation Law does not cover the *willful negligence* of the employer, but only the *accidental acts* of the employer.

Appellant argues (a) that § 5 of the Workmen's Compensation Law says: "Every employer . . .

shall . . . pay or provide compensation for . . . disability or death from *injury* arising out of and in course of their employment . . ."; (b) that § 2(f) of the law, in defining *"injury,"* says that it means *"accidental injury or death"*; (c) that the death of Sylvia Johnson was not an *accident,* because her death occurred through the *negligence* of the appellee; and (d) that "an accident is an unavoidable casualty that occurs without anyone being guilty of negligence." The four steps in this argument (numbered "a" to "d" as above) are really all bottomed on the appellant's definition of an *accident,* as above quoted. To sustain this quoted definition of an *accident,* appellant cites such cases as *St. L. Ry. Co.* v. *Barnett,* 65 Ark. 255, 45 S. W. 550, and *Walloch* v. *Heiden,* 180 Ark. 844, 22 S. W. 2d 1020. These cases define an accident substantially as quoted by appellant.

The fallacy in the appellant's argument is in the fact that the words "accidental injury" have one meaning in traffic cases and damage cases, such as those just cited, but have an entirely different meaning in cases arising under the Workmen's Compensation Law. The words, "accidental injury," used in the Workmen's Compensation Law, mean something happening without the design of, and being unforeseen and unexpected by the person to whom the injury happens. As stated in 71 C. J. 571:

*"By Whom Event Must Be Unexpected, Unforeseen, or Undesigned.*—Within the meaning of the statutory word 'accident' and the like, as used to indicate when compensation shall be paid, and construed to mean an unlooked-for and untoward event which is not expected or designed, it is the expectation, intention, or design of the workman that is to be regarded; . . ."

And again in 71 C. J. 579 it is stated:

*"Intention or Design as Affecting Accidental Nature of Injury.*—In accordance with the view that the 'undesigned' element in the definition of a compensable 'accident' within the meaning of the compensation acts has

reference to the design of the victim rather than to the design of another whose act may have inflicted the harm for which compensation is sought, it has been broadly stated that an injury may be the result of accidental means so as to be compensable notwithstanding the act producing the injury was intentional and that a death resulted from the intentional act of another does not preclude compensation under a statute providing that compensation shall be paid for 'accidental injury,' and these rules have been applied to disability or death resulting from intentional assaults by third persons and to injuries sustained by an employee by reason of the intentional act of an employer."

And in Honnold on "Workmen's Compensation," § 87, it is said:

"The circumstance that the injury was the result of a willful or criminal assault by another does not exclude the possibility of injury by accident. An injury caused by the attack of a third person may be accidental so far as the injured person is concerned."

To the same effect, see Horovitz on "Workmen's Compensation," p. 86.

In the case at bar the alleged negligence of the appellee and/or Glen Kendall does not prevent the death of Sylvia Johnson from having been an accidental death from the viewpoint of Sylvia Johnson; and that is the viewpoint from which the Workmen's Compensation Law sees the unfortunate event.

Appellant cites and relies on our language in *Murch-Jarvis Co.* v. *Townsend,* 209 Ark. 956, 193 S. W. 2d 310, in which we said:

"The term 'accident,' as used in a compensation act requiring the injury compensated for to be by 'accident,' is usually held to be employed in its ordinary sense as meaning an unlooked-for and untoward event which is not expected or designed. . . . The term 'accidental' when used in compensation acts to indicate the type of injury for which compensation may be had has likewise

been held to mean something unusual, unexpected, and undesigned; so, in the same way, the words 'accidental injury' . . . 71 ·C. J. pages 566-568.''

The above quotation is not in conflict with the holding in this present opinion. In the Murch-Jarvis case we were discussing the inhalation of dust as an accident, and not the question of the negligence or design of the employer, or of a third person, which is the situation here. It is elementary that the language of any case must be read in the light of the facts there under consideration.

Section 4·of Act 319 of 1939 provides, in part:

''The rights and remedies herein granted to an employee subject to the provisions of this Act, on account of personal injury or death, shall be exclusive of all other rights and remedies of such employee, his legal representative, dependents, or next kin, or anyone otherwise entitled to recover damages from such employer on account of such injury or death, . . .''

We discussed that section in *Odom* v. *Arkansas Pipe & Scrap Material Co.,* 208 Ark. 678, 187 S. W. 2d 320; and what we said there is apropos here:

''The lower court properly dismissed appellant's complaint. Under the provisions of the Workmen's Compensation Law the liability therein created is the only liability against the employer that may arise out of the death or injury of an employee subject to the act.''

The judgment of the circuit court dismissing the circuit court action against the Wortz Biscuit Company is in all things affirmed.