## SHULTZ v. LION OIL CO.
### Civ. No. 566.

United States District Court
W. D. Arkansas, El Dorado Division.
July 31, 1952.

Mattie Lou Shultz, pro se.

Davis & Allen, El Dorado, Ark., for defendant.

## JOHN E. MILLER, District Judge.

The defendant has moved for summary judgment on the ground that the right of plaintiff, if any, to recover for the alleged injury is limited solely and exclusively to the rights afforded by the Workmen's Compensation Law of Arkansas in effect at the time of the alleged injury, and that because the rights of the plaintiff are so limited, this Court has no jurisdiction to grant plaintiff the relief which she is seeking.

In the interest of clarity, the proceedings heretofore had herein should be briefly reviewed.

The plaintiff filed her complaint in the Circuit Court (Second Division) of Union County, Arkansas. The cause was removed to this Court by the defendant on the grounds of diversity of citizenship and the amount involved. After the case was removed defendant filed a motion to dismiss the complaint for failure to comply with Rule 8(a) (e), Federal Rules of Civil Procedure, 28 U.S.C.A.

On May 21, the Court sustained the motion to dismiss without prejudice to the right of the plaintiff to serve and file an amended complaint "simply and concisely constructed, embodying a short and plain statement of plaintiff's claim as contemplated by the Federal Rules of Civil Procedure."

On June 2, the plaintiff filed her amended complaint, and on June 27, the defendant filed a motion to dismiss the amended complaint on the ground that it did not comply with Rule 8(a) (e) of the Federal Rules of Civil Procedure. On July 10, 1952, the Court overruled the motion of defendant to dismiss, but struck from the amended complaint certain allegations as being immaterial, redundant and irrelevant. At the time this order was entered the Court stated:

"Giving to the amended complaint the most liberal construction, the court

is of the opinion that a claim against the defendant is sufficiently stated in paragraph one of the complaint and the first sentence of paragraph two, and therefore, the motion to dismiss should be overruled."

The plaintiff has not appeared by any attorney and is apparently trying to conduct this litigation with the aid of some undisclosed person who has no practical knowledge of procedure and very little, if any, of substantive law.

After overruling the motion to dismiss, the Court as above stated struck certain portions of the complaint and at that time stated:

"The striking of the portions of the complaint and the portion of the prayer as above mentioned will leave in the complaint a statement of a claim against the defendant for damages on account of the alleged use by the defendant of a chemical preparation in a room in which the plaintiff was working at the time.

"The court feels that it should call to the plaintiff's attention her failure to allege when the spray was used or whether it was negligently used. If any liability exists on the part of the defendant it seems that it would be necessary for the plaintiff to prove before she could recover that a dangerous spray or chemical preparation was negligently used under such conditions that the defendant could by the exercise of ordinary care have foreseen the probability of an injury to the plaintiff or others similarly situated, and that her injuries, if any, were proximately caused by the negligence of the defendant."

Following the entry of the order overruling the motion to dismiss the amended complaint, the defendant filed and served the motion for summary judgment, and filed in support thereof a memorandum of authorities as required by Local Rule 8, but the plaintiff has made no response thereto. However, because of the fact that the plaintiff is undertaking to represent herself, the Court has given careful consideration to the undisputed facts, and the applicable law before proceeding to dispose of the motion for summary judgment.

The facts reflected by the record are not in dispute. The plaintiff is seeking to recover of defendant damages for an alleged injury sustained by plaintiff while employed by defendant during the latter months of 1948. At the time of the alleged injury plaintiff was employed by defendant and the injury arose as a result of and during the course of the employment of plaintiff by defendant.

The amended complaint does not disclose the exact time of the injury except that it occurred "during the latter months of 1948."

■■■ The defendant was, until November 2, 1948, in its own name and behalf, qualified as a self-insurer under Act No. 319 of the Acts of Arkansas for the year 1939, as amended, Sections 81–1301 to 81–1349, both inclusive, Arkansas Statutes 1947, Annotated, which act was the Arkansas Workmen's Compensation Law in effect until November 2, 1948. At that time Initiated Act No. 4 of the Acts of Arkansas for the year 1948 became effective. The latter Act is known as the Workmen's Compensation Law and is now and has been effective since November 2, 1948. The defendant also qualified in its own name and behalf as self-insurer under the latter Act. Under the provisions of Section 2 of each of the Acts above referred to, the plaintiff was, at the time of the alleged injury, an employee of defendant and defendant was at such time the employer of plaintiff.

Under Section 4 of each of the Acts, the claim of the plaintiff, if any, is governed solely and exclusively by the Workmen's Compensation Law in effect at the time of her alleged injury.

The statutory remedy given the plaintiff by the Workmen's Compensation Law is exclusive. Acts 1939, No. 319, Section 4, Page 777, Section 81–1304, Arkansas Statutes 1947, Annotated; Initiated Measure 1948, No. 4, Section 4, Acts 1949, Page 1420, Section 81–1304, Arkansas Statutes 1947, Annotated (1951 Supplement).

See also, Kimpel v. Garland Anthony Lumber Co., 216 Ark. 788–791, 227 S.W.2d 932; Hagger v. Wortz Biscuit Co., 210 Ark. 318, 196 S.W.2d 1; Odom v. Arkansas Pipe & Scrap Material Co., 208 Ark. 678, 187 S.W.2d 320.

Since the allowance of compensation to employees within the provisions of the law is vested exclusively in the Workmen's Compensation Commission, the Arkansas courts have no jurisdiction to hear an action for damages, and the policy of Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, precludes the maintenance in a federal court in diversity cases of suits to which the state has closed its courts. Taylor v. Hubbell, 9 Cir., 188 F.2d 106; Selby v. Sykes, 7 Cir., 189 F.2d 770.

In Mandel v. United States, 3 Cir., 191 F.2d 164–166, the court said:

"1. The first reason is the analogy to the rule under Workmen's Compensation Acts which are now an accepted and almost universal part of state legislation. It is the general rule that unless the act is by its terms optional, remedies provided by the act are exclusive when the act is applicable, at least so far as rights against the employer are concerned. One must not generalize too widely from this rule because many of the statutes provide expressly that the remedy is exclusive. Nevertheless, we think the general rule represents the crystallization of the thought of both law makers and courts upon the subject. The Compensation Acts are intended to provide a more humane, adequate and generally fair method of dealing with accidents incurred by employees in the course of employment than the former common-law rules of employers' liability. They are intended to do away with prolonged and expensive litigation with hard cases going uncompensated because of inability to show fault on the part of the employer. We think that in general the natural inference would be that the Compensation Act represents the substitution of a more enlightened form of reme-

dy for industrial accidents than the ordinary tort action for damages."

See also, Kaufman v. Bowman, 2d Cir., 193 F.2d 606; Latsko v. National Carloading Corp., 6 Cir., 192 F.2d 905.

By virtue of the provisions of the Workmen's Compensation Law of Arkansas the plaintiff must present her claim for damages to the commission administering that law, and this Court has no jurisdiction to entertain her claim for damages for the alleged negligence of her employer, the defendant.

Therefore, the motion of defendant for summary judgment should be granted.