**TINSLEY**

v.

**MASSMAN CONST. CO. et al.**

No. 42893.

Supreme Court of Missouri.

Division No. 2.

July 12, 1954.

Motion for Rehearing or to Transfer to Court en Banc Denied Sept. 13, 1954.

Clarence C. Chilcott, Terrance W. Imes, Kansas City, Irwin Walker, St. Louis, for appellant.

Walther, Hecker, Walther & Barnard, Harold F. Hecker, St. Louis, for respondent Massman Const. Co.

Roy P. Cosper, John S. Marsalek, Moser, Marsalek, Carpenter, Cleary & Carter, St. Louis, for respondent, St. Louis Southwestern Ry. Co.

BOHLING, Commissioner.

Alvie G. Tinsley, plaintiff-appellant, sued Massman Construction Company, a corporation, referred to herein as Massman or contractor, and St. Louis Southwestern Railway Company, a corporation, referred to herein as Railroad or contractee, for injuries sustained as the result of a cave-in while Massman was constructing a bridge across the Red River near Garland City, Arkansas, under a written contract with Railroad. Plaintiff submitted his case on the theory that Massman was not an independent contractor; that, although an employee of Massman, he was by operation of law an employee of Railroad; that the Workmen's Compensation law of Arkansas, Ark. Stats. § 81–1301 et seq., did not apply; that defendant Railroad was liable under the Federal Employer's Liability Act, 45 U.S. C.A. § 51 et seq. (herein referred to as F.E.L.A.) and Massman liable under the common law; and that defendants were negligent in failing to furnish him a reasonably safe place to work and directing him to work therein. Each defendant contends that plaintiff failed to make a submissible case against it, and Railroad further contends that reversible error was not committed at the trial. Defendants' separate motions for a directed verdict were overruled. The jury returned a verdict in favor of plaintiff and against Massman for $10,000, and exonerated defendant Railroad. Thereafter, the trial court overruled plaintiff's motion for new trial against Railroad, sustained Massman's motion to enter judgment in accordance with its motion for a directed verdict, and overruled Massman's motion for new trial. Plaintiff appealed from the ensuing judgment.

Berryman Henwood was the duly appointed, acting and qualified Trustee of Railroad, an interstate common carrier, during the time here involved, serving under appointment by the United States District Court in St. Louis from 1936 until September, 1947, when the properties were returned to the corporation, which assumed the obligations of the Trustee.

The high water in early 1945 damaged several of Railroad's bridges. The protective dike above its Red River bridge at Garland City was affected, caused the track to be temporarily out of service, and threatened the loss of the bridge. The bridge extends generally east and west, but the directions in the record are spoken of as north and south. Railroad sought the professional advice of Dr. Howard of Howard, Needles, Tammen & Bergendoff, Consulting Engineers, Kansas City and New York. Dr. Howard prepared the plans and specifications.

Upon the recommendation of the consulting engineers it was decided to remove the north 80-foot steel girder span of the bridge and substitute two 100-foot steel girder spans, relocate the 80-foot steel girder to the north of the north 100-foot steel girder, construct steel and concrete piers to support the 100-foot girders, and new wooden piers to support the north end of the 80-foot girder, and also a new 28-foot pile and timber trestle immediately north of the 80-foot girder.

The contemplated construction called for the services of structural ironworkers and special equipment. Plaintiff testified that it

would not be safe to put inexperienced men on this type of construction, and most of the ironworkers were employed by bridge and construction companies engaged in that work, such as Massman, American Bridge Company, Kansas City Bridge Company and others. The Railroad had a Bridges and Buildings (B & B) department, composed of carpenters who did its bridge work; but it did not have structural ironworkers or the necessary heavy equipment to do the work, and had never constructed any deep water piers.

The approval of the United States District Court at St. Louis was secured for letting the work to a contractor. Massman specialized in heavy bridge and river improvement work, had equipment and an organization therefor, and was the successful bidder. The contract between Railroad and Massman was executed November 23, 1945.

Plaintiff was hired as an experienced structural ironworker by Massman to work on a bridge at Chester, Illinois. When the work at Chester was completed, Massman arranged for plaintiff and several of the ironworkers to work on Railroad's Red River bridge under Arthur Duncan, its foreman, and Edmund J. Wildermuth, its superintendent on that project.

The track rested on an embankment at the north approach of Railroad's Red River bridge. This was to be the new location of the 80-foot girder, its north end to rest on a pile and timber pier, pier 9. The work necessitated supporting the track by falsework, and plans by Massman, dated May 5, 1946, covering this, were approved by Railroad's Chief Engineer. Clusters of piles were driven into the embankment and bents constructed to support stringers, forming a trestle supporting the track. We understand it was necessary to saw off the piles to support the 80-foot girder below the surface of the embankment; and an excavation, about 6 feet deep, about 12 feet wide, and 28 feet long was made around some of the piling for pier 9. Robert H. Patterson, a civil engineer, was Railroad's inspector, representing its Chief Engineer, on the proj-

ect. Plaintiff testified that Patterson, using the transit, had them mark the depth at which the piles were to be sawed, and also had lined up the piles for them. Approximately four trains passed over the bridge daily. This caused the ground, sandy loam soil, to vibrate. On August 23, 1946, two crews of two men each were sawing the piles, Virgil Smith and plaintiff constituting one crew. The other crew finished sawing a pile, the butt or thick end being at the top. The men prepared to push the sawed-off portion over, but Massman's foreman Duncan told them to leave the section on the stump, assuring them it would not fall. Plaintiff and Smith resumed sawing and soon thereafter the sawed-off portion fell, striking plaintiff, and simultaneously therewith the south wall of the excavation, which was practically perpendicular and not protected by any shoring, caved in, burying plaintiff, and injuring him.

Massman, under the Arkansas Workmen's Compensation law, paid plaintiff's hospital and medical bills and compensation at the weekly rate of $20 for 31 weeks. Plaintiff returned to work for Massman in March, 1947, and drew regular pay until he quit working for them in February, 1948. There was no final settlement of plaintiff's claim under the Arkansas Act.

The pertinent portion of § 1 of the F.E.L.A., 45 U.S.C.A. § 51, reads: "Every common carrier by railroad" while engaged in interstate commerce "shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce * * *."

Section 5 of the F.E.L.A., 45 U.S.C.A. § 55, provides: "Any contract, rule, regulation, or device whatsoever, the purpose or intent of which shall be to enable any common carrier to exempt itself from any liability created by this chapter, shall to that extent be void * * *."

Plaintiff submitted the issue whether the relation between Railroad and Massman was that of vice-principal and agent or servant, and plaintiff, by operation of law,

was an employee of Railroad within the protection of the F.E.L.A. as one of fact to be determined by the jury. Railroad contends the relation was that of contractee and independent contractor, and as a matter of law it is not liable for Massman's negligence, plaintiff having failed to make a submissible case thereon. The contract between Railroad and Massman embraces the specifications and blueprints. The specifications are detailed and lengthy. Many provisions thereof are presented for consideration in ruling the several points made on the issue. To develop them would extend this opinion beyond reasonable limits, and it is unnecessary to do so in the instant case in view of plaintiff's submissions to the jury and the ultimate result. We accordingly pass to the alleged trial errors and our doing so is not to be taken as an indication that plaintiff's position should be sustained.

The alleged trial errors relate to the instructions, and for a proper understanding plaintiff's instructions must be given consideration.

Plaintiff's instruction No. 1 informed the jury that it was admitted that Berryman Henwood, Trustee (Railroad), was engaged in interstate commerce and owned and operated the track, bridge, et cetera referred to in evidence; and further instructed that if the jury found that the Trustee had contracted with Massman to replace a portion of the supporting structure of said bridge; and that said work was being performed "under the superintendence" of Massman by its agents and employees over plaintiff; and that the progress of said work was halted for the passage of interstate trains over said bridge upon the directions of said Trustee; and that said Trustee retained the right to determine whether said bridge was safe therefor and whether a train was to be stopped before proceeding across said bridge; and that said work was at all times subordinated to the use of the track for the passage of trains; and that during the progress of said work the bridge was used for the uninterrupted passage of trains; and that changes in the supporting structure or track were at all times under the direct control and supervision of said Trustee; and that plaintiff was engaged in work resulting in changes in said supporting structure and the same was in use for the passage of interstate trains while the work was in progress; and that plaintiff was aiding in such work, then the jury would find that "plaintiff was, under the law, an employee of Berryman Henwood, Trustee," although he was actually hired and paid by Massman; and further instructed that upon finding such facts the contract between said Trustee and Massman "was void to the extent that its effect was to exempt" said Trustee from liability for damages for injuries to plaintiff under the provisions of the F.E.L.A., and plaintiff was not subject to the Workmen's Compensation law of Arkansas.

The first paragraph of plaintiff's sole verdict directing instruction, instruction No. 2, informed the jury plaintiff's action against defendant railroad was for negligence under the F.E.L.A., setting forth the effect of § 51, 45 U.S.C.A. Then the jury was instructed that if it further found that Massman was the vice-principal and agent of and "plaintiff was an employee of Berryman Henwood, Trustee," in the prosecution of the work involved as submitted in instruction No. 1; and "that Berryman Henwood, Trustee, through his said vice-principal" Massman and its agents and employees over plaintiff, directed plaintiff to work in the trench in question; and, so far as material and briefly, plaintiff's place of work was not reasonably safe, and by reason thereof said Trustee and said Massman were negligent; and that said Trustee and said Massman, by their foreman over plaintiff, ordered plaintiff to perform his duties in said place, assuring plaintiff it was reasonably safe, and were thereby negligent; and that plaintiff was injured as a direct result of all of said negligence, and that plaintiff was in the exercise of due care for his own safety; and that defendant Railroad had assumed all the liabilities of

said Trustee, then their verdict should be for plaintiff and against both defendant Railroad and defendant Massman.

Plaintiff complains of Railroad's instruction No. 6. The instruction was to the effect that if the jury found that the Trustee did not have the equipment and labor and skilled and experienced supervisory force to construct the bridge extension; and that said work was necessary for the safety of said bridge and trains using the same; and that the contract was entered into for said reasons and not for the purpose of avoiding any liability of Railroad under the F.E. L.A.; and if the jury further found that Massman performed said work exclusively by its employees and according to its own methods and means; and that the Trustee did not, through his employees, order or instruct employees of Massman with respect to the methods and means of performing said contract, or retain the right to do so, the verdict should be for defendant Railroad.

■ Plaintiff says Railroad was liable regardless of who did the work. Plaintiff required the jury to find the facts hypothesized in instruction No. 1 as a predicate for finding that "plaintiff was, under the law, an employee of" Railroad and Massman was a vice-principal and agent of Railroad for whose acts, under instruction No. 2, Railroad was liable under the F.E.L.A. Plaintiff may not successfully urge that the issue was not for the jury. The hypothesized findings in instruction No. 6 that the Trustee, by his employees, did not order or instruct Massman's employees with respect to the methods and means of the performance of the contract, or did not retain the right to do so, submitted the converse of plaintiff's instructions No. 1 and No. 2 upon which a plaintiff's verdict against Railroad was conditioned under the F.E. L.A. After reviewing the authorities (to which reference is made), it is stated in Lees v. Chicago & N. W. R. Co., 339 Ill. App. 227, 89 N.E.2d 418, 426, that a railroad has the right to enter into a bona fide contract with an independent contractor when

it is not equipped to perform work of the nature involved in the instant case. See, among others, Chicago, R. I. & P. R. Co. v. Bond, 240 U.S. 449, 456, 36 S.Ct. 403, 60 L.Ed. 735; Miles v. Pennsylvania R. Co., 7 Cir., 182 F.2d 411, 415; Dougall v. Spokane, P. & S. R. Co., 9 Cir., 207 F.2d 843, 847, certiorari denied 347 U.S. 904, 74 S.Ct. 429, 98 L.Ed. ——; Orange v. Pitcairn, 280 Ill.App. 566, 575.

■ Plaintiff also says the instruction ignores whether plaintiff's place of work was inherently dangerous and unsafe. If plaintiff's place of work was inherently dangerous and unsafe, plaintiff may not successfully complain as plaintiff submitted no issue with respect to liability based thereon. Denkman v. Prudential Fixture Co., Mo., 289 S.W. 591, 596[14]; Carson v. Evans, 351 Mo. 376, 173 S.W.2d 30, 32; Guthrie v. City of St. Charles, 347 Mo. 1175, 152 S.W.2d 91, 95[4, 5].

■ Instruction No. 6 required a finding of the facts essential to a verdict for Railroad in the circumstances; and if it imposed unnecessary burdens on Railroad, plaintiff may not complain.

■ Under the contract, including the specifications made a part thereof, Massman was to perform the work in accord with the specifications and blueprints and subject to the inspection, approval and acceptance of Railroad's Chief Engineer, or his representative; and stakes giving lines and elevations were to be furnished by Railroad's engineer as required. Instruction No. 7 informed the jury that the engineer's presence during the progress of the work and his acts in providing lines and elevations and in inspecting, approving or rejecting work under the specifications did not constitute the giving of orders or instructions to Massman or its employees, as said terms were used in the instructions. The stated acts of the engineer were proper under the contract and a prudent provision for carrying on the work, much of which had to be inspected as the work progressed if at all, did not make Massman a servant

of Railroad, and in the circumstances, it stated the legal effect of the evidence. Tyler v. Hall, 106 Mo. 313, 323, 17 S.W. 319, 322; Williamson v. Southwestern Bell Tel. Co., Mo., 265 S.W.2d 354, 358[3–6], and cases there cited; Clark's Adm'x v. Hannibal & St. J. R. Co., 36 Mo. 202, 218; O'Hara v. Laclede Gaslight Co., 244 Mo. 395, 409, 148 S.W. 884, 889; Plater v. W. C. Mullins Const. Co., 223 Mo.App. 650, 17 S.W.2d 658, 664[4]; Moore v. Phillips, 197 Ark. 131, 120 S.W.2d 722; Chicago, R. I. & P. R. Co. v. Bond, 240 U.S. 449, 455, 36 S.Ct. 403, 60 L.Ed. 735; Ryan-Richards, Inc., v. Whitesides, 10 Cir., 96 F.2d 826, 835[3, 4]; Orange v. Pitcairn, 280 Ill.App. 566, 572; 56 C.J.S., Master and Servant, § 3(4), page 56; 27 Am.Jur. 490, § 9. The instruction did not direct a verdict, is in the nature of a cautionary instruction, and if the court considered it proper in the circumstances, we find no abuse of discretion.

■ Plaintiff seemingly takes the position that the work was nondelegable; but that this contention is not well taken so far as an employee of an independent contractor is concerned, see, among others, the Williamson case, supra, 265 S.W.2d loc. cit. 356[1, 2]; Boyd v. Chicago & N. W. R. Co., 217 Ill. 332, 75 N.E. 496, 108 Am. St.Rep. 253; Norman v. Spokane-Portland & Seattle R. Co., D.C.Or., 101 F.Supp. 350, affirmed, 9 Cir., 192 F.2d 1020, certiorari denied 342 U.S. 945, 72 S.Ct. 559, 96 L.Ed. 703; Dougall v. Spokane, P. & S. R. Co., 9 Cir., 207 F.2d 843, 846; 57 C.J.S., Master and Servant, § 591, b, page 368, note 56; 44 Am.Jur. 632, § 416, n. 10.

■■ Instruction No. 8 was a burden of proof instruction, informing the jury that plaintiff had the burden of proving the facts necessary for a recovery against defendant Massman. Instruction No. 9 was identical in form, except that it related to defendant Railroad. Plaintiff states it is error to give repetitious burden of proof instructions. Miller v. Williams, Mo., 76 S.W.2d 355, 357[7]. The liability of both defendants, as submitted by plaintiff, did not depend on identical facts, and the two instructions appear proper. Consult De Moulin v. Roetheli, 354 Mo. 425, 189 S.W. 2d 562, 566[7]. Furthermore, repetition in instructions, without more, is not considered reversible error. West v. St. Louis Public Service Co., 361 Mo. 740, 236 S.W. 2d 308, 311[3, 4]; Mendenhall v. Neyer, 347 Mo. 881, 149 S.W.2d 366, 371[6].

■ Plaintiff next attacks instructions Nos. 10 and 11; stressing that portion of No. 11 to the effect that "unless you find and believe from the evidence and under the instructions of the court that Berryman Henwood, Trustee, was negligent in some respect submitted to you by the court in these instructions * * *," defendant Railroad was not liable. Plaintiff's instruction No. 2 in several instances required the jury to find "and that said Berryman Henwood, Trustee, and said Massman Construction Company were thereby negligent." If plaintiff's criticism be correct his instruction is subject to the same defect and he may not complain. McCall v. Thompson, 348 Mo. 795, 155 S.W.2d 161, 168[12]; Crites v. Kansas City Public Service Co., Mo., 190 S.W.2d 924, 925[1]. The submission was the converse of plaintiff's submission. Hollister v. A. S. Aloe Co., 348 Mo. 1055, 156 S.W.2d 606, 609[10]; Steele v. Barnwell, Mo.App., 167 S.W.2d 468, 471[3].

Plaintiff complains of that portion of instruction No. 10 to the effect that unless the jury found that, *under the instructions of the court,* plaintiff was an employee of the Trustee, the verdict should be for defendant Railroad. Plaintiff's instructions Nos. 1 and 2 predicated a verdict against Railroad under the F.E.L.A. upon a finding that he was an employee of the Trustee. What is said above with respect to instruction No. 11 applies to instruction No. 10.

■ Plaintiff complains of the forms of verdict submitted by the court. Plaintiff's verdict directing instruction authorized a verdict against both defendants. The forms

submitted covered a verdict in favor of plaintiff against both defendants; in favor of both defendants; in favor of plaintiff against Massman while exonerating Railroad, and in favor of plaintiff against Railroad while exonerating Massman. Plaintiff cites cases arising under the respondeat superior doctrine. Ruehling v. Pickwick-Greyhound Lines, Inc., 337 Mo. 196, 85 S.W.2d 602, 604[4]; Cameron v. Howerton, Mo., 174 S.W.2d 206, 209[6, 7, 9]. As hereinafter pointed out plaintiff had no common law action against Massman, his sole remedy against that defendant being under the Workmen's Compensation law. It is clear from the verdict that the jury found plaintiff was not an employee of Railroad, and this is sufficient under the submitted issues between plaintiff and Railroad to sustain the verdict exonerating Railroad. Railroad was not bound by Massman's submission of the issues. In the circumstances plaintiff's cases are not applicable and error is not established. Whether additional reasons exist for sustaining the forms of verdict submitted in the instant case need not be developed.

■ The issue of the liability of Massman Construction Company as submitted was whether Massman was liable under plaintiff's instructions mentioned supra or Massman's liability to plaintiff was under the Workmen's Compensation law of the State of Arkansas. It was established at the trial by certified records of the Arkansas Workmen's Compensation Commission that Massman Construction Company had, in 1943 and ever since, complied with and qualified as a self-insurer under the provisions of the Arkansas Workmen's Compensation law, Tit. 81, Ch. 13, §§ 81–1301—81–1349, Vol. 7, Ark.Stat.1947 Annotated; and particularly §§ 81–1302—81–1305, and 81–1336. This is not controverted. Plaintiff was an employee of Massman. Section 81–1303, supra, providing that the Arkansas Workmen's Compensation law is not to be construed, so far as material here, as conflicting with the F.E.L.A., does not affect Massman's liability, because: Massman is not a common carrier by railroad engaged in interstate commerce, 45 U.S.C.A. § 51, and is not within the provisions of the F.E.L.A. Latsko v. National Carloading Corp., 6 Cir., 192 F.2d 905, 908[1, 2, 5], and cases cited; Graham v. Thompson, 357 Mo. 1133, 212 S.W.2d 770, reviewing many authorities. In the circumstances any action against Massman would have been at common law; but Massman having complied with and having secured the payment of compensation to employees as required by the Workmen's Compensation law, plaintiff's rights under the common law against Massman were abrogated and superseded by the exclusive rights and remedies given him under the Workmen's Compensation law of Arkansas. §§ 81–1304, 81–1336, supra; Odom v. Arkansas Pipe & Scrap Material Co., 208 Ark. 678, 187 S.W.2d 320, 321[1]; Young v. G. L. Tarlton Contractor, Inc., 204 Ark. 283, 162 S.W.2d 477, 479[3]; Hagger v. Wortz Biscuit Co., 210 Ark. 318, 196 S.W.2d 1, 4[4]; Shultz v. Lion Oil Co., D.C.Ark., 106 F.Supp. 119, 120[1, 2]. This is so whether Massman be an independent contractor or a vice-principal, agent or servant of Railroad, as the relation between Massman and plaintiff was that of employer and employee. The entry of judgment in accordance with Massman's motion for a directed verdict was proper.

The judgment is affirmed.

WESTHUES and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

LEEDY, Acting P. J., and HOLLINGSWORTH and CONKLING, JJ., concur.