CAMPBELL v. WAGGONER, JUDGE.

5-2712                                            360 S. W. 2d 124

Opinion delivered September 17, 1962.

*House, Holmes, Butler & Jewell,* for appellant.

*J. B. Reed,* for appellee.

PAUL WARD, Associate Justice. The essential facts in this case are brief and undisputed.

Ed Campbell, d/b/a Campbell Rides, is an employer who has complied with all the provisions of the Arkansas Workmen's Compensation law. One of his employees, Larry Benafield (a minor), was injured while in the petitioner's employment because of the negligence of a fellow employee. Suit was filed in circuit court by Charles Benafield in his own right and for his son, Larry, against petitioner to recover damages for said injuries in the amount of $2,600.

The complaint alleged that said fellow employee was a third person within the meaning of Workmen's Compensation law. All the above facts were contained in the pleading or admitted before the trial court.

Petitioner presented to the trial court a motion for summary judgment and a dismissal of the complaint, based on the contentions that, as a matter of law, the Compensation Commission had exclusive jurisdiction of any claim arising out of the injury, and that the circuit court had no jurisdiction to try the alleged cause of action.

The trial court denied the motion and refused to dismiss the complaint, and Campbell has petitioned for a writ prohibiting the respondent from trying the case.

1. Under the admitted facts in this case the circuit court had no jurisdiction to try Benafield's claim against petitioner for injuries caused while working as his employee. The exclusive jurisdiction to entertain such claim rests in the Workmen's Compensation Commission. Section 81-1304 of Ark. Stats. reads as follows: "The rights and remedies herein granted to the employee . . . on account of injury . . . shall be exclusive of all other rights and remedies of such employee. . . ." The above

statute has been consistently construed by this Court to mean just what it says. See: *Young, Administrator* v. *G. L. Tarlton, Contractor, Inc.,* 204 Ark. 283, 162 S. W. 2d 477; *Odom* v. *Arkansas Pipe and Scrap Material Co.,* 208 Ark. 678, 187 S. W. 2d 320; *Hagger, Administratrix* v. *Wortz Biscuit Co.,* 210 Ark. 318, 196 S. W. 2d 1; *Barth* v. *Liberty Mut. Ins. Co.,* 212 Ark. 942, 208 S. W. 2d 455. In none of these decisions or in any other has this Court made an exception where the injury was caused by the negligence of a fellow employee. In the *Odom* case, at page 681 of the Ark. Reports, the following statement is found:

"By adoption of Amendment Number 26 to the constitution the people of this state authorized the Legislature to enact the Workmen's Compensation Law. *Young* v. *G. L. Tarlton,* 204 Ark. 283, 162 S. W. 2d 477. The law is plain and unambiguous. Its purpose and effect was to substitute, as to employment embraced within its terms, the liability created by it for any and all liability of the master arising from the death or injury of his servant. 'The remedies provided by Act No. 319 of 1939 (Workmen's Compensation Law) are, unless the employer fails to secure the payment of compensation as required by the Act, exclusive.' "

It necessarily follows that the circuit court had no jurisdiction to try the cause of action alleged in the complaint and it should have been dismissed.

2. The respondent does not question the remedy pursued here by the petitioner, and rightly so. In the *Young* case, *supra,* we said the complaint in circuit court should have been dismissed, and so ordered. Where the trial court has no jurisdiction to try a cause of action and attempts to do so, prohibition is the proper remedy. See: *Norton* v. *Hutchins, Chancellor,* 196 Ark. 856, 120 S. W. 2d 358; *Pacific Mutual Life Insurance Company* v. *Toler, (Judge)* 187 Ark. 1073, 63 S. W. 2d 839. Since there were no questions of fact to be passed on by the trial judge (the respondent here) and no matters calling for the exercise of his discretion, he should have granted petitioner's motion and should have dismissed the complaint.

Nothing we have said herein is to be construed to prevent Benafield from maintaining an action in circuit court against a negligent fellow employee. See: *King* v. *Cardin,* 229 Ark. 929, 319 S. W. 2d 214.

The petition is granted.