Lindell HILL *v.* Hon. John S. PATTERSON, Circuit Judge, James D. Hepp, Administrator of the Estate of Jerry Don Hepp, Deceased and James D. Hepp and Odean Hepp, Deceased

92-1286                                    855 S.W.2d 297

Supreme Court of Arkansas
Opinion delivered June 1, 1993

*Hardin, Jesson, Dawson & Terry*, by: *Robert M. Honea*, for petitioner.

*David H. McCormick*, for respondents.

STEELE HAYS, Justice. This is an original action for a writ of prohibition to prevent the circuit court from asserting jurisdiction over claims belonging exclusively to the Arkansas Worker's Compensation Commission. We agree with the petitioner and grant the writ.

The petitioner is Lindell Hill, a working partner in the firm of Combs Housemovers, a partnership consisting of Hill and his sister, Marie Combs. Respondents are the Honorable John S. Patterson, Circuit Judge, James D. Hepp, individually and as administrator of the estate of Jerry Don Hepp, deceased, and O'Dean Hepp, wife of James D. Hepp. Mr. and Mrs. Hepp are the parents of Jerry Don Hepp, deceased employee of Combs Housemovers.

On June 21, 1991, Lindell Hill and Jerry Hepp were engaged in moving a house. Two other employees were assisting by driving two warning vehicles — one in front and one behind. Because the procession moved slowly they would stop on the shoulder periodically to permit other vehicles to pass. All three employees were subject to Hill's supervisory authority.

Lindell Hill was driving the truck pulling the house. Hepp was a passenger. When the procession would stop, Hepp would direct traffic until the string of cars had passed and he had given an all clear signal to Hill. Hepp would then move between the truck and the trailer on which the house was situated, stepping over the tongue, and reenter the truck. During one of these stops, by unseen circumstances, Hepp was run over by the wheels of the vehicle on which the house was mounted, resulting in his death.

Respondents filed suit in circuit court for compensatory and punitive damages for the wrongful death of Jerry Hepp. The complaint alleged the death of Jerry Hepp was the result of negligence and willful and wanton conduct by Lindell Hill. By amendment the complaint alleged that Lindell Hill was acting as employer of Jerry Hepp and as an employee of Combs Housemovers.

Petitioner's motion for summary judgment was denied and this original action for prohibition followed. Petitioner argues that the exclusive remedy of the Arkansas Workers' Compensation Act is a bar to the tort claims of the Hepps as a matter of law and that prohibition is the proper remedy. We agree with both points.

Petitioner relies on that section of the Arkansas Workers' Compensation Act which provides that the rights and remedies granted to an employee on account of injury or death

> . . . shall be exclusive of all other rights and remedies of the employee, his legal representative, dependents, next of kin, or anyone otherwise entitled to recover damages from the employer or any principal, officer, director, stockholder, or partner acting in their capacity as an employer, on account of injury or death. . . .

Arkansas Code Ann. § 11-9-105(a) (1987).

Respondents defend the denial of summary judgment on two grounds: One, that by functioning both as employer and employee, Lindell Hill acquired a "dual persona" which rendered him liable in tort, and, two, that the death of Jerry Hepp was the result of an intentional tort by Lindell Hill, to which the exclusivity of Workers' Compensation does not apply. Neither

argument can be sustained.

### Intentional Tort

While it is true that the intentional infliction of an injury upon an employee by an employer is an exception to the exclusive remedy provision of the Workers' Compensation Act [*Heskett* v. *Fisher Laundry & Cleaners Company*, 217 Ark. 350, 230 S.W.2d 28 (1950)], that exception is not created by the bare allegation, as here, that the employee's injury was the result of willful and wanton conduct by the employer. We have pointed out in several decisions that in order to escape § 11-9-105(a) the complaint must allege a deliberate act by the employer with a desire to bring about the consequences of the act. A mere allegation of willful or wanton conduct will not suffice. *Griffin* v. *George's, Inc.*, 267 Ark. 91, 589 S.W.2d 24 (1979). In *Miller* v. *Ensco, Inc.*, 286 Ark. 158, 692 S.W.2d 615 (1985), we pointed out that "it is the nature of the acts complained of that determines the cause of action," concluding that the complaint failed to allege *facts*

> . . . that show the employer committed acts with an 'actual, specific, and deliberate intent to . . . injure the employee,' in the nature of an intentional act by an employer who assaults his employee. There were no facts alleged to show the appellee had a 'desire' to bring about the consequences of the acts or that the acts were premeditated with the specific intent to injure the appellant. . . .

The allegation in this case was that Lindell Hill began moving the truck at a time when he knew Jerry Hepp was attempting to move between the truck and the trailer, that by failing to wait until he was sure Jerry Hepp had safely passed between the two vehicles, his actions were willful and wanton in nature. This allegation falls considerably short of alleging facts sufficient to remove the case from the jurisdiction of the Worker's Compensation Commission.

### Dual Persona

Respondents also contend that their suit is not barred at law by Ark. Code Ann. § 11-9-105(a) (1987) because they have sued Hill in his capacity as an employee and not as an employer, a

cause of action recognized in Arkansas. *King* v. *Cardin*, 229 Ark. 929, 319 S.W.2d 214 (1959). But *King* v. *Cardin* involved the negligence of a fellow employee, not an employer, incurring liability under Ark. Code Ann. § 11-9-410 (1987) of the act. That case, which was narrowed by *Allen* v. *Kizer*, 294 Ark. 1, 740 S.W.2d 137 (1987), has little bearing on the case at bar. We are aware of no cases holding that a working partner incurs third party liability pursuant to § 11-9-410 because of active involvement in the operations of the business.

■ The dual persona doctrine has been recognized by this court in a recent decision — *Thomas* v. *Valmac Industries, Inc.*, 306 Ark. 228, 812 S.W.2d 673 (1991). However, *Thomas* is clearly distinguishable in that the claim involved a corporation which later merged with the corporation by which the claimant was employed. In that particular context *Thomas* holds that under the dual persona doctrine such a claim is not barred by the exclusivity provision of the Workers' Compensation Act.

Respondents cite Professor Larson:

> An employer may become a third person, vulnerable to tort suit by an employee, if — and only if — he possesses a second persona so completely independent from and unrelated to his status as employer that by established standards the law recognizes it as a separate legal person.

2A A. Larson, *The Law of Workmen's Compensation*, § 72.81 (1990).

However, elsewhere Larson makes it clear that the dual persona doctrine is applicable in "exceptional situations" where the law has clearly recognized a duality of legal persons, a duality firmly entrenched in the common law. *Id.* § 72.81. Partnerships are almost universally excluded from that concept:

> Except in Louisiana, a member of a partnership, even if he is a "working partner," is still in law the employer of employees of the partnership and cannot be sued.

2A A. Larson, *Larson on Workers' Compensation*, § 72.15.

> As to working or managing partner, whether or not they are co-employees, they are also employers, and in that capacity have been accorded immunity.

*Id.* at § 72.24(c).

■ That a partnership is not an entity distinct from its members under Arkansas law is not subject to dispute. Ark. Code Ann. § 4-42-201(1) (1987); *Pate* v. *Mentin*, 13 Ark. App. 182, 681 S.W.2d 410 (1985). Cases from other jurisdictions are in accord. *See e.g. Carlson* v. *Carlson*, 346 N.W.2d 525 (Iowa 1984).

### Prohibition

■ Where the encroachment on workers compensation jurisdiction is clear, we have not hesitated to hold writs of prohibition are clearly warranted. *Campbell* v. *Waggoner*, 235 Ark. 374, 360 S.W.2d 124 (1962); *Fore* v. *Circuit Court of Izard County*, 292 Ark. 13, 722 S.W.2d 840 (1987), and *Cf. Lupo* v. *Lineberger*, 313 Ark. 315, 855 S.W.2d 293 (1993). In other cases before us on appeal, we have held that circuit courts had no jurisdiction to address such claims. *See Hagger, Administratrix* v. *Wortz Biscuit Co.*, 210 Ark. 318, 196 S.W.2d 1 (1946); *Odom* v. *Arkansas Pipe & Scrap Material Co.*, 208 Ark. 678, 187 S.W.2d 320 (1945), and *Young, Administrator,* v. *G. L. Tarlton, Contractor, Inc.*, 204 Ark. 283, 162 S.W.2d 477 (1942).

Writ of prohibition granted.