# Edward ETHRIDGE *v.* ALEXANDER BROWN AND ASSOCIATES

75-66                                            527 S.W. 2d 591

Opinion delivered July 7, 1975
[Rehearing denied September 2, 1975.]

*Dewey Moore Jr.*, for appellant.

*Howell, Price, Howell & Barron*, for appellee.

J. FRED JONES, Justice. This is a workmen's compensation case in which a most unusual situation is presented on appeal.

The appellant-claimant, Edward Ethridge, was 14 years of age in July, 1971, when he lost part of a finger by accidental injury while working on a cotton picking machine in the course of his employment. The record does not contain the initial claim filed on behalf of the claimant but the record indicated it was filed against "Alexander Brown Associates." The style of the proceedings before the Commission was

"Alexander Brown Associates, Uninsured Employer." Apparently the notice of the claim and notice of hearing went to Alexander Brown, at least Mr. Brown appeared at the hearing and testified.

It appears that in 1964 Mr. Brown had formed a corporation designated "Alexander-Brown, Inc." for the stated purposes of owning and leasing motor vehicles for transporting property as a common and contract carrier and to buy, sell and otherwise deal in gasoline and oil products, and to buy and sell barrels, tanks and pumps for the storage and distribution of such products, and to acquire land and buildings in connection therewith. It appears that Mr. Brown owned this corporation. It further appears that several months after the injury, a limited partnership was formed between Alexander-Brown, Inc. and a number of individuals, and that the partnership was designated "Alexander Brown & Associates."

At the compensation hearing Alexander Brown & Associates was represented by counsel who contended that the partnership, Alexander Brown & Associates was not in existence at the time of the injury, and that the claimant was actually employed by "Alexander-Brown, Inc." The appellant-employee testified and so did Mr. Brown. The appellant testified that Mr. Brown hired him through Mr. Brown's son; that Mr. Brown directed his work on cotton picking machines and that Mr. Brown paid him his hourly wages. Mr. Brown testified that he purchased a number of used cotton picking machines and was having them disassembled, cleaned up, and the parts painted with the idea of leasing some of the machines and selling some of the parts, and using some of the parts to repair other machines.

The pertinent portions of the findings, conclusion and award of the Commission appear as follows:

"On or about July 29, 1971, the claimant was an employee of George Alexander Brown d/b/a Alexander-Brown, Inc.; Brown & Associates, Inc.; and George Alexander Brown, individually; and the claimant was earning at that time an average weekly wage

of $58.00 per week which would entitle him to a compensation rate of $37.70 per week.

* * *

The first question to be decided herein is who exactly was the claimant's employer. The claimant testified that he was working for Mr. George Alexander Brown and was working on a cotton picking machine owned either by Mr. Brown or Mr. Brown's company. Mr. George Alexander Brown testified that he had hired the claimant and that the claimant was assisting with refurbishing work on the cotton pickers owned by Alexander-Brown, Inc., which company he owned. The claimant was confused as to the exact name of the company for which he was working and the testimony introduced certainly shows why this confusion existed. Mr. Brown apparently engages or engaged in several overlapping ventures and used different corporation and individual names almost interchangeably. The one constant feature herein is that Mr. Brown himself was in charge of all of these operations and he testified that he did hire the claimant to work on machinery owned by Alexander-Brown, Inc.

As to whether the respondent is a proper party herein, the record clearly shows that Alexander Brown Associates existed at the time of claimant's injury, not as a legal entity, but rather as one of several terms used in reference to various business enterprises owned by Mr. Brown. The fact that Mr. Brown claimed to be a corporation and was not makes him nothing more than an individual with a fancy name. Therefore, *when the claimant filed his claim against Alexander Brown and Associates, he was, in effect, filing a claim against Alexander Brown, individually.* (Our emphasis).

* * *

The respondent is hereby ordered to pay to the claimant temporary total disability benefits in the amount of $37.70 per week beginning on July 30, 1971 and running

through September 6, 1971. Respondent is to receive credit for any such benefits heretofore paid and all benefits due not heretofore paid will be paid at one time.

Respondent is further ordered to pay to the claimant permanent partial disability benefits in the amount of $37.70 per week for a period of 17 ½ weeks beginning on October 15, 1972. All such benefits due, not heretofore paid, will be paid at one time.

Respondent is further ordered to pay all reasonable medical expenses incurred by the claimant as a result of this accidental injury to his finger up to the time of his final release from treatment by Dr. Thomas Rooney.

Pursuant to Section 10 (e) of the Arkansas Workmen's Compensation Act, the respondent is ordered to pay double the compensation benefits awarded herein.

The respondent is further ordered to pay to claimant's attorney, Mr. Dewey Moore, Jr., the maximum attorney's fee based upon this entire award."

Upon appeal to the circuit court, that court entered an order as follows:

"On this day comes on for hearing the appeal from the judgment of the Arkansas Workmen's Compensation Commission rendered on April 10, 1974, and entered of record on that date, claimant Ethridge appearing by his attorney, Dewey Moore, and respondent appearing by his attorney, Dale Price; and from a review of the record compiled in the Workmen's Compensation Commission and other matters and things before the Court, the Court finds:

That the entity designated as the respondent in the Commission hearing is not a legal entity against whom an award could be made and that this matter be remanded to the Workmen's Compensation Commission for such further proceedings as it may deem appropriate."

On appeal to this court appellant Ethridge designated the point he relies on as follows:

"The findings of the Workmen's Compensation Commission that Alexander Brown and Associates was, in fact, a proper party to the action and that George Alexander Brown is liable to appellant for the compensation benefits claimed is supported by a preponderance of the evidence, and the circuit court erred in not confirming the award."

Perhaps the confusion in this case could have been avoided if the employer had complied with the record and report requirements of Ark. Stat. Ann. §§ 81-1333 and 81-1334 (Repl. 1960). Be that as it may, Ark. Stat. Ann. § 81-1325 (Repl. 1960) pertains to appellate review by the circuit courts in workmen's compensation cases and subsection (b) reads in part as follows:

"Upon the appeal to the circuit court no additional evidence shall be heard and, in the absence of fraud, the findings of fact made by the Commission, within its powers, shall be conclusive and binding upon said court. The court shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the order or award, upon any of the following grounds, and no other:

1. That the Commission acted without or in excess of its powers.

2. That the order or award was procured by fraud.

3. That the facts found by the Commission do not support the order or award.

4. That there was not sufficient competent evidence in the record to warrant the making of the order or award."

Ark. Stat. Ann. § 81-1318 (Repl. 1960) provides for the filing of claims with the Commission within the statutory

periods therein set out, and § 81-1323 (a) provides as follows:

"Within ten [10] days after a claim for compensation has been filed, the Commission shall notify the employer and any other interested person of the filing of such claim."

Subsection (b) of this section provides in part as follows:

"The Commission shall make or cause to be made such investigation as it considers necessary in respect to the claim, and upon application of any interested party or on its own motion, shall order a hearing thereof. If a hearing on such claim is ordered, the Commission shall give the claimant and other interested parties ten [10] days' notice of such hearing served personally upon the claimant and other interested parties, or by registered mail."

Apparently the Commission's reference to the "respondent" in its findings and award was confusing to the circuit court. We are of the opinion, however, that the circuit court's order of remand would be confusing to the Commission. The circuit court apparently was guided more by the style of the claim before the Commission than by the substance of the Commission's findings.

Whether Mr. Brown appeared at the hearing in response to notice served personally or by registered mail makes no difference in this compensation case. It is perfectly clear from the record that Mr. Brown was before the Commission and testified. It is also clear that the Commission's findings were based on substantial evidence. As we read and interpret the Commission's findings, the Commission simply found that Mr. Brown was doing business as Alexander Brown & Associates at the time of the appellant's injury, long before the limited partnership by that name was formed, and that Alexander Brown was the appellant's employer and the actual respondent in the case.

The appellee does not question the finality of the circuit court order. As we interpret the order, it found as a matter of

law the respondent was not a legal entity against whom the Compensation Commission could make an award. The claimant's injury occurred in 1971. The record is silent as to the cause of delay in this case and we can see no good reason for additional delay in remanding the case to the Commission for restyling the claim or beginning all over again.

The judgment is reversed and this cause remanded to the circuit court with directions to affirm the Commission's award against Alexander Brown.

Reversed and remanded.