Jimmie PATE *v.* Troy MARTIN

CA 84-289                                        681 S.W.2d 410

Court of Appeals of Arkansas
Division I
Opinion delivered January 2, 1985

*Hardin, Jesson & Dawson,* for appellant.

*Lawrence W. Fitting* of *Gean, Gean & Gean,* for appellee.

GEORGE K. CRACRAFT, Chief Judge. Jimmie Pate brings this appeal from an order of the circuit court denying his motion to quash a writ of garnishment issued on an award from the Arkansas Workers' Compensation Commission and served upon a person having in his hands assets belonging to him. The sole issue presented by this appeal is whether an award of the Workers' Compensation Commission entered against a partnership in its firm name only and which makes no reference to the individual co-partners may be enforced as a judgment by garnishment or execution against a co-partner. We conclude that it cannot.

In order to bring this narrow issue into focus a recitation of the events leading up to the issuance of the writ is necessary. In April 1978 Troy Martin notified the Arkansas Workers' Compensation Commission by letter that he had been injured within the scope of his employment with "P & P Fabrication." Upon receipt of the letter the Commission prepared and filed a "Dummy A-8" which designated the employer to be "P & P Fabrication." Appellant's counsel filed a controversion of the claim on behalf of "P & P Fabrication." After a hearing the Commission affirmed the findings of the administrative law judge and awarded the appellant all medical expenses and accrued benefits in excess of $7500 against "the respondent." The award and opinion identified the respondent only as "P & P Fabrication." They made no reference as to whether it was a partnership or corporation, or, if a partnership, the identity of the co-partners. The appellee subsequently filed a copy of this award in the circuit court pursuant to Ark. Stat. Ann. § 81-1325(c) (Repl. 1976). There was nothing on the face or contents of the award that would connect or relate to the appellant Jimmie Pate when the writ of garnishment based on it was issued. At the suggestion of appellee's counsel, the clerk placed the name of "Jimmie Pate" on the writ of garnishment as the judgment debtor.

It was undisputed that "P & P Fabrication" was a partnership in which Jimmie Pate and Jimmie Pate, Jr. were equal partners. It was also undisputed that both partners appeared in the hearings before the Workers' Compensation Commission in defense of the claim and admitted that they were equal owners of the firm.

The trial court ruled that because the appellant had notice, appeared and defended before the Commission and was co-owner and partner in P & P Fabrication the circuit court had a right to consider the record before the Commission to determine his legal liability, even though appellant was not named as a party to those proceedings or in the award of the Commission.

In reaching its conclusion the trial court relied on *Ethridge* v. *Brown & Associates,* 258 Ark. 444, 527 S.W.2d 591 (1975). There Ethridge filed his claim against "Alexander Brown and Associates" and the proceedings before the Commission were styled *"Edward Ethridge, Claimant,* v. *Alexander Brown and Associates, Respondents."* Brown appeared and was represented by counsel who contended that the partnership, Alexander Brown and Associates, was not in existence at the time of the injury, and that the claimant was actually employed by Alexander Brown, Inc. There was evidence that the claimant was hired and paid by Mr. Brown and received all of his instructions from him. On conflicting evidence the Commission found that:

> *When the claimant filed his claim against Alexander Brown & Associates, he was, in effect, filing a claim against Alexander Brown individually.*

In the style of the award the respondent was referred to as "Alexander Brown and Associates" and the award was made against the "respondents." On appeal the circuit court ruled that the entity designated as respondent was not a legal one against whom an award might be made and remanded the case for further proceedings. The Arkansas Supreme Court reversed the circuit court stating:

The circuit court apparently was guided more by the

style of the claim before the Commission than by the substance of the Commission's findings.

Whether Mr. Brown appeared at the hearing in response to notice served personally or by registered mail makes no difference in this compensation case. It is perfectly clear from the record that Mr. Brown was before the Commission and testified. It is also clear that the Commission's findings were based on substantial evidence. As we read and interpret the Commission's findings, the Commission simply found that *Mr. Brown was doing business as Alexander Brown & Associates at the time of the appellant's injury,* long before the limited partnership by that name was formed, and that Alexander Brown was the appellant's employer and the actual respondent in the case.

In *Ethridge,* although the claim was made against the partnership and the award was so styled, the body of the award shows that on conflicting evidence the Commission found that the actual employer and "respondent" was Alexander Brown individually.

It has long been the rule that in construing a judgment where the identity of a person against whom judgment is rendered is ambiguous or uncertain, resort may be had to the entire judgment or opinion for purposes of identification. In *Ethridge* the body of the award clearly identified the "respondent" against whom that award was being entered. Here, however, the claim was made against "P & P Fabrication" and the award was so styled. The award made no mention of appellant or his son and made no finding that they were the actual employers of the respondent. There was no finding by the Commission that the actual respondent was anyone other than "P & P Fabrication," which was not designated as either a partnership or a corporation. We find it to be error for the circuit court to have made a finding not made by the Commission.

Nor do we find merit in the argument that one may be bound by a judgment even though not a party to the action where he has appeared and actually participated in the

proceedings. While we agree that a court may enter a binding judgment against the individual parties under those circumstances, the Commission did not do so here. Nothing in the award or the opinion indicated an intent to make the appellant personally liable for the award.

Both parties agree that at common law a partnership is not an entity separate from its members and is nothing more than the aggregate of the individuals making it up. The partnership was not recognized as a legal entity separate and apart from the individuals owning it and had no capacity to sue or be sued. It was necessary to bring suit by or against a partnership in the names of the individuals comprising it rather than in the names of the partnership itself. The appellee argues, however, that this rule was abrogated by the Uniform Partnership Act and that a partnerhip may now be sued in the firm name and liability thereby imposed upon the members. We conclude that the enactment of the Uniform Partnership Act set forth in Ark. Stat. Ann. § 65-101 et seq. (Repl. 1980) did not embrace the entity theory as contended for by the appellee, but retained the common law rule that except in certain specific instances a partnership is not an entity separate and apart from its members and remains no more that the aggregate of the individuals forming it.

In *Mazzuchelli* v. *Silberburg*, 29 N.J. 15, 148 A.2d 8 (1959) the court gives a comprehensive history of the partnership act in that respect. In *Mazzuchelli* the court said:

The Uniform Partnership Law, adopted in this State in 1919, did not embrace the so-called "entity" theory. Lewis, "The Uniform Partnership Act," 29 Harv.L.Rev. 158, 291 (1915); Mechem, Partnership (2d ed. 1920), § 6, p. 11. An early draft by Dean Ames for the commissioners was based on the entity theory and accordingly defined a partnership as "a legal person formed by the association of two or more individuals for the purpose of carrying on a business with a view to profits." Crane, Partnership (2d ed. 1952), § 3, p. 18, n. 31. Dean Lewis, however, advocated the view "that with certain modifications the aggregate or common

law theory should be adopted." The history appears in the Commissioners' prefatory note, 7 U.L.A. (1949), p. 2. As there revealed, the recommendation of Dean Lewis led to the adoption of a resolution rescinding any prior action which might limit the committee to "what is known as the entity theory." In 1910 the committee and a group of experts recommended that the act "be drawn on the aggregate or common law theory with the modification that the partners be treated as owners of the partnership property holding by a special tenancy which should be called tenancy in partnership." In 1911 Dean Lewis was requested to prepare a draft in "the so-called common law theory," and in 1912 the committee reported a draft, "drawn on the aggregate or common law theory, with the modifications referred to." With amendments not negating that basic thesis, the uniform act was recommended for adoption. In harmony with the decision thus reached, a partnership was defined to be "an association of two or more persons to carry on as *co-owners* a business for profit, " . . . as contrasted with the Ames proposal of "a *legal person* formed by the association of two or more individuals for the purpose of carrying on a business with a view to profits."

In the adoption of our Uniform Partnership Act the legislature followed the recommendation of the drafters to retain the common law or "aggregate" theory. Ark. Stat. Ann. § 65-106 (Repl. 1980) defines a partnership as "an association of two or more persons to carry on as co-owners a business for profit." Our legislature did not, as did many other legislatures, accept the Ames definition of *"a legal person* formed by the association of two or more individuals for the purpose of carrying on a business with a view to profits," or make provisions for liability of individual partners sued in the partnership name. Our Uniform Partnership Act adopts the common law approach with modifications consistent with the "entity" approach of the purposes of facilitating the acquisition and transfer of partnership property, marshalling of assets and protecting the business operation against immediate impact of personal involvement of the partners. *Mazzuchelli* v. *Silber-*

*burg, supra; McKinley* v. *Truck Insurance Exchange,* 324 S.W.2d 773 (Mo. 1959).

The appellee contends that appellant should be precluded from arguing that the judgment is void and cites *Spaulding Mfg. Co.* v. *Godbold,* 92 Ark. 63, 121 S.W. 1063 (1909). In that case Spaulding Manufacturing Company, a partnership, brought suit and obtained judgment against Godbold in its firm name. They levied execution on a piece of property and Spaulding's owners purchased the property at the sale and were given a deed naming Spaulding Manufacturing Company as grantee. Godbold excepted to the deed for the reason that there was "no grantee." The circuit court agreed and ordered the deed stricken from the record. Spaulding had the case removed to chancery where Godbold argued that the judgment itself was void as rendered in the firm name. The chancellor said that this was a matter of form rather than substance and since the objection to the plaintiff's capacity to sue was not taken earlier it was waived and the judgment became a valid one. However, *Spaulding* differs from the present case in several respects and is not controlling here. In *Spaulding* the judgment was *against an individual,* not a partnership. There was no necessity there for the court to take notice of who the partners were or to state that a judgment against the partnership name also constituted a judgment against the partners' individual properties. It should also be noted in *Spaulding* that the suit was in equity. The court held that a conveyance to a partnership by its firm name which did not include the name of the partners did not vest legal title because the partnership is not recognized in law as a person. It held, however, that because a deed is void in law doesn't mean that it cannot be corrected in equity. The individual members of the firm had testified that they were the purchasers of the land and the mistake was made in the draftsmanship of the deed. The court found that, as this was true and equity treats that done which ought to be done, the deed could be reformed and enforced. This case also states the proposition that a partnership is not recognized as a person.

We conclude that the award of the Workers' Compen-

sation Commission against the partnership in its firm name only and which makes no reference to the individual partners may not be enforced at law as a judgment by garnishment or execution against a co-partner. This case is reversed and remanded to the circuit court with directions to enter an order not inconsistent with this opinion.

CLONINGER and CORBIN, JJ., agree.