BAXTER COUNTY REGIONAL HOSPITAL *v.*
Arlene Denise DIXON

CA 06-940                                    257 S.W.3d 564

Court of Appeals of Arkansas
Opinion delivered May 23, 2007

[Rehearing denied June 27, 2007.]

*Walter A. Murray*, for appellants.

*Frederick S. Spencer*, for appellee.

JOHN MAUZY PITTMAN, Chief Judge. The appellee in this workers' compensation case sustained back injuries in February and July of 1991. The appellant employer, Baxter County Regional Hospital, accepted her claim as compensable and paid benefits until August 1994. Appellee filed a timely claim for additional workers' compensation benefits, including an additional five percent physical impairment rating, permanent and total disability benefits, and additional medical benefits. Appellee was found to have failed to prove entitlement to these additional benefits in an opinion delivered by the Commission on November 18, 1996. No appeal was taken from that order. Appellee sought further treatment on her own, underwent surgery by Dr. Bert Park, and filed a new request for benefits on October 27, 1997. An administrative law judge found this claim to be barred by the statute of limitations. The Commission reversed and remanded to the administrative law judge. An appeal from the Commission's order of remand was attempted to this court; in an unpublished opinion delivered on December 12, 2001, we held that we lacked jurisdiction in the absence of a final order awarding benefits and dismissed the appeal. The Commission entered an order awarding further benefits in August 2003. That order was the subject of the second attempt to appeal to this court. However, because the Commission did not adequately explain the basis for its finding that the new claim was not barred by the statute of limitations, we remanded for the Commission to make specific findings in sufficient detail to permit us to conduct a meaningful review. The Commission made such findings in an order awarding benefits issued on June 6, 2006. That order is final and comprehensible, and from it this appeal is taken.

Appellant contends that the Commission erred in finding that appellee's claim was not barred by the statute of limitations. In resolving this issue it is necessary to decide whether the new request for benefits filed on October 27, 1997, constituted a "claim for additional compensation" pursuant to Ark. Stat. Ann. § 81-1318(b) (now Ark. Code Ann. § 11-9-702(b) (Repl. 2002)), or whether it was instead a request to *modify* a *previous* award pursuant to Ark. Stat. Ann. § 81-1326 (now Ark. Code Ann. § 11-9-713(a) (Repl. 2002)).

Arkansas Statutes Annotated section 81-1318(b) (now codified at Ark. Code Ann. § 11-9-702) provides that, in cases where compensation for disability has been paid on account of injury, a claim for additional compensation is barred unless filed with the Commission within one year from the date of the last payment of compensation, or two years from the date of the injury, whichever is greater. In contrast, Ark. Stat. Ann. § 81-1326 (now codified at Ark. Code Ann. § 11-9-713) permits modification of a compensation order or award on the ground of a change of physical condition only within six months of the termination of the compensation period fixed in the original compensation order or award. Here, the period at issue — between the denial of benefits in November 1996 and the request for new benefits in October 1997 — is shorter than one year but longer than six months.

■ The Commission held that the new claim was one for "additional compensation" and was therefore timely. We disagree. The benefits requested in the current claim were essentially identical to those denied by the Commission in November 1996: an increased impairment rating, permanent and total disability, and additional medical benefits. Appellee did not appeal from that order. The only "additional" element involved in appellee's second claim was based on her "deteriorating condition" as evinced by surgeries that the Commission did not authorize: In an opinion of November 1996, the Commission specifically found that five percent of appellee's disability was not work-related but instead attributable to a degenerative condition. Clearly, appellee's request was to modify the previous order denying the benefits sought and denied in the prior hearing. The request for modification was untimely because Ark. Stat. Ann. § 81-1326 applies only to cases where a previous order or award of compensation has been made, *see Smith v. Servomation*, 8 Ark. App. 274, 651 S.W.2d 118 (1983), and was in any event made more than six months after issuance of the order appellee sought to have modified.

■ However, even were we to agree that the present claim was one for additional benefits rather than for modification of a prior order, the Commission's finding of timeliness would still be in error. The Commission's finding that the one-year statute of limitations had not run was based on the period between its order denying benefits in November 1996 and the new request for benefits in October 1997. However, this finding was premised on the mistaken assumption that the statute of limitations begins to

run anew at the termination of a proceeding — like that of November 1996 — that *denies* all requested benefits. As noted above, section 81-1318(b) bars claims for additional benefits that are not filed within two years from the date of the injury or one year from the last payment of compensation. Here, the last payment of compensation was made in August 1994, more than three years before the new claim filed in October 1997. Although the filing of a claim for additional benefits tolls the running of the statute of limitations, *see Spencer v. Stone Container Corp.*, 72 Ark. App. 450, 38 S.W.3d 909 (2001), it begins to run anew upon denial resolution of that claim. In the present case, approximately six months had elapsed on the one-year statute of limitations before the filing of the claim that was resolved in the November 1996 order, leaving appellee approximately six additional months in which to file a timely claim. That period ended before appellee filed her new claim for benefits in October 1997. Simply put, an order denying all requested benefits does not allow a claimant an additional year in which to file a claim for additional benefits. Arkansas Statutes Annotated § 81-1318(b) and Ark. Code Ann. § 11-9-702(b) measure the passage of time from the provision of benefits, not from their denial.

Reversed and dismissed.

MARSHALL and MILLER, JJ., agree.