SINGLE SOURCE TRANSPORTATION, INC. *v.*
Walter W. KENT

CA 06-1376                                        258 S.W.3d 416

Court of Appeals of Arkansas
Opinion delivered June 6, 2007

*Huckabay, Munson, Rowlett & Moore, P.A.*, by: *Carol Lockard Worley*; and *Worley, Wood & Parrish, P.A.*, by: *Jarrod Parrish*, for appellants.

*Aaron L. Martin*, for appellee.

JOHN MAUZY PITTMAN, Chief Judge. The appellee in this workers' compensation case, a truck driver, sustained neck and shoulder injuries in August 1995 when his vehicle struck a bull that was standing in the road. Appellee received medical benefits for a time and filed a claim for additional benefits in 2005. The appellant-employer argued that the 2005 claim was barred by the statute of limitations. The Commission found that the claim was not barred and awarded benefits. Appellant contends that the Commission erred in so finding. We reverse and remand.

The applicable statute of limitations is set out in Ark. Code Ann. § 11-9-702(b) (Repl. 2002) as follows:

> (b) TIME FOR FILING ADDITIONAL COMPENSATION. (1) In cases where any compensation, including disability or medical, has been paid on account of injury, a claim for additional compensation shall be barred unless filed with the commission within one (1) year from the date of the last payment of compensation or two (2) years from the date of the injury, whichever is greater.

This appeal raises several issues concerning the 2005 claim, including the sufficiency of the evidence to support the award and whether medical treatment obtained by appellee after 2002 constituted "payment of compensation" for statute-of-limitations

purposes. We do not address those issues at this time because the Commission's method of computing the running of the statute of limitations is fundamentally flawed.

The crucial period in determining the timeliness of appellee's claim is that falling between the filing of a claim for additional compensation on March 12, 2001, and treatment obtained by appellant on March 13, 2002. Between these dates, an order dismissing appellant's March 12, 2001 claim for failure to prosecute was entered on December 13, 2001. The question on appeal is whether the Commission erred in holding that the claim was timely because the claimant "obtained treatment for his left shoulder [on March 13, 2002] within one year of the December 2001 order of dismissal." We hold that it did.

It is true that the filing of a claim for additional benefits tolls the running of the statute of limitations. *Spencer v. Stone Container Corp.*, 72 Ark. App. 450, 38 S.W.3d 909 (2001). However, in *Dillard v. Benton County Sheriff's Office*, 87 Ark. App. 379, 192 S.W.3d 287 (2004), we held that once a claim is dismissed for lack of prosecution, the claim is considered to have never been filed, and unless a new claim is filed within the statutory period of time allowed by Ark. Code Ann. § 11-9-702, the statute of limitations will bar any subsequent claims. This is in accord with Ark. Code Ann. § 11-9-702(d) (Repl. 2002), which provides that:

> (d) If, within six (6) months after the filing of a claim for additional compensation, no bona fide request for a hearing has been made with respect to the claim, the claim may, upon motion and after hearing, if necessary, be dismissed without prejudice to the refiling of the claim within the limitation period specified in subsection (b) of this section.

The relevant period in determining the timeliness of appellee's request for additional benefits, then, is set out in Ark. Code Ann. § 11-9-702(b). *See Baxter County Regional Hospital v. Dixon*, 99 Ark. App. 83, 257 S.W.3d 564 (2007). As quoted above, subsection (b) bars claims for additional benefits that are not filed within two years from the date of the injury or one year from the last payment of compensation. Here, however, the Commission made no finding whatsoever as to the last payment of compensation. Instead, the Commission erroneously determined timeliness based on the date of an order of dismissal for failure to prosecute

that, under *Dillard*, had the effect of transforming the claim filed on March 12, 2001, into a nullity that should be considered as never having been filed.[1]

We reverse and remand for further consistent proceedings before the Commission, to include findings regarding the time of the last payment of compensation prior to March 13, 2002.

Reversed and remanded.

BIRD and GRIFFEN, JJ., agree.

---

[1] The dissenting Commissioner noted that the Commission had held in prior cases that the Arkansas savings statute does not apply in Workers' Compensation cases. We think this is correct. The general savings statute, codified at Ark. Code Ann. § 16-56-126 (Repl. 2005), is found in Title 16 of the Code, which deals with courts and civil procedure therein. The courts are listed in Title 16, Subtitle 2 as the Supreme Court, Court of Appeals, Circuit Courts, County Courts, District Courts, certain Inferior Courts, and Justice of the Peace Courts. The reasoning in *Rogers v. International Paper Co.*, 66 Ark. App. 34, 988 S.W.2d 23 (1999), holding that the Arkansas Rules of Civil Procedure do not apply to proceedings before the Workers' Compensation Commission, strongly suggests that the savings statute would not be applicable in a proceeding before an administrative agency such as the Commission. *See also Sosebee v. County Line School District*, 320 Ark. 412, 987 S.W.2d 554 (1995).