Walter W. KENT *v.* SINGLE SOURCE
TRANSPORTATION, INC.

CA 08-42                                                287 S.W.3d 619

Court of Appeals of Arkansas
Opinion delivered September 17, 2008

[Rehearing denied November 19, 2008.]

*Martin & Kieklak Law Firm*, by: *Aaron L. Martin*, for appellant.

*Worley, Wood & Parrish, P.A.*, by: *Jarrod Parrish*, for appellees.

WENDELL L. GRIFFEN, Judge. This is the second appeal in this workers' compensation case. In a prior opinion, we reversed the order of the Arkansas Workers' Compensation Commission (the Commission) awarding additional medical benefits to appellant Walter Kent. The Commission awarded benefits because appellant obtained treatment for his left shoulder within one year of an order of dismissal for failure to prosecute, but it failed to make any finding regarding when appellant received the last payment of compensation prior to the dismissal order. We reversed and remanded for further consistent proceedings to include findings regarding the date of the last payment of compensation within the relevant time frame. *See Single Source Transp., Inc. v. Kent*, 99 Ark. App. 153, 258 S.W.3d 416 (2007) (*Kent I*).

On remand, the Commission determined that the relevant payment occurred on May 24, 2001. It also determined that appellant did not thereafter make an additional claim for benefits until February 10, 2005; thus, it denied additional medical benefits because the one-year statute of limitations under Ark. Code Ann. § 11-9-702(b) (Supp. 2007) had expired.

Appellant now argues that the Commission exceeded our mandate in reversing its previous finding that he tolled the statute of limitations by seeking additional treatment. We disagree that the Commission exceeded our mandate. Nonetheless, we hold that the Commission erroneously determined that the last date of payment of compensation prior to the dismissal order occurred on May 24, 2001, which was the date appellant received a check from his employer. In fact, the last date of compensation prior to that order occurred on September 12, 2001, when appellant received medical treatment for his work-related shoulder injury. Thereafter, the statute of limitations did not expire, as appellant received treatment at least once every twelve months for his compensable injuries through February 10, 2005. He filed another claim for benefits in June 2005, clearly within one year of the last date of treatment. Accordingly, we also hold that the Commission erred in determining that appellant failed to file a claim for additional benefits within one year of the last date of compensation, and we remand for an award of benefits consistent with this opinion.

The parties stipulated that appellant sustained compensable injuries to his neck and left shoulder on August 22, 1995, when the vehicle he was driving for appellee struck a bull that was standing in the road. Appellant began treatment with Dr. John Gregory, an orthopedist, in 1995. In 1996, appellant underwent an anterior cervical decompression at the C5-6 and C6-7 levels to fuse his cervical disks. Although appellant was ultimately returned to work with no restrictions, he received treatment from Dr. Gregory at least once each year through 2005.

Appellant began receiving treatment from Dr. Freddie Contreras in 1998 for his continued neck symptoms. He concedes that he received treatment from Dr. Contreras from 1998 to November 14, 2000, and that he did not thereafter receive treatment from Dr. Contreras until February 10, 2005, ultimately undergoing a diskectomy in April 2005.

On March 12, 2001, appellant filed a claim for additional compensation based on the original injury to his shoulder and neck, requesting additional medical benefits. Appellee subsequently filed a request to dismiss appellant's claim for failure to prosecute, which the Commission granted on December 14, 2001. This order of dismissal rendered appellant's claim a nullity, to be treated as if it had never been filed. See *Dillard v. Benton County Sheriff's Office*, 87 Ark. App. 379, 192 S.W.3d 287 (2004).

After the December 2001 order of dismissal was filed, appellant resumed treatment with Dr. Gregory on March 13, 2002. Although appellant sought treatment from either Dr. Gregory or Dr. Contreras at least once every twelve months thereafter, he did not again file a claim for benefits until June 2005, which appellee controverted.

In *Kent I*, the Commission determined that appellant's claim was not barred because he kept his claim open by continuing to seek medical treatment related to his compensable injuries. It gave "significant weight" to Dr. Contreras's opinion that the first surgery changed appellant's spine and caused the need for the second surgery. Thus, it determined that appellant was entitled to the surgery performed by Dr. Contreras in April 2005. Finally, the Commission awarded temporary-total disability benefits from April 18, 2005, through June 7, 2005, when appellant was released to return to work.

We reversed and remanded for further proceedings in *Kent I*, as follows:

> This appeal raises several issues concerning the 2005 claim, *including the sufficiency of the evidence to support the award and whether medical treatment obtained by appellee after 2002 constituted "payment of compensation" for statute-of-limitations purposes. We do not address those issues at this time because the Commission's method of computing the running of the statute of limitations is fundamentally flawed.*

> The crucial period in determining the timeliness of appellee's claim is that falling between the filing of a claim for additional compensation on March 12, 2001, and treatment obtained by appellant on March 13, 2002. Between theses dates, an order dismissing appellant's March 12, 2001, claim for failure to prosecute was entered on December 13, 2001. The question on appeal is whether the Commission erred in holding that the claim was timely because the claimant "obtained treatment for his left shoulder [on March 13, 2002] within one year of the December 2001 order of dismissal." We hold that it did.

> . . . .

> As quoted above, subsection (b) bars claims for additional benefits that are not filed within two years from the date of the injury or one year from the last payment of compensation. Here,

however, the Commission made no finding whatsoever as to the last payment of compensation. Instead, the Commission erroneously determined timeliness based on the date of an order of dismissal for failure to prosecute that ... had the effect of transforming the claim filed on March 12, 2001, into a nullity that should be considered as never having been filed.

*We reverse and remand for further consistent proceedings before the Commission, to include findings regarding the time of the last payment of compensation prior to March 13, 2002.*

99 Ark. App. at 154-56, 258 S.W.3d. at 416-18 (emphasis added).

On remand, the Commission determined that the last payment of compensation prior to March 13, 2002, occurred on May 24, 2001, when appellee sent a check to appellant. Because more than one year passed before appellant next sought further treatment for his neck on February 10, 2005, the Commission determined that appellant's claim was time-barred. This appeal followed.

## I. Scope of Mandate

We first reject appellant's argument that we remanded *only* for the Commission to determine when the last payment of compensation occurred prior to March 13, 2002. It is true that the Commission has no power to change or extend the mandate of the appellate court. *See White v. Gregg Agric. Ent.*, 72 Ark. App. 309, 37 S.W.3d 649 (2001). However, the Commission in this case did not change or extend our mandate.

■ We reversed and remanded "for *further consistent proceedings* before the Commission, *to include* findings regarding the time of the last payment of compensation prior to March 13, 2002." (Emphasis added.) Thus, we did not limit the Commission to making *only* such a finding. In fact, the implicit purpose for remanding to the Commission to determine the date of the last payment of compensation was so that the Commission could also determine the legal effect of the last payment — whether the statute of limitations had begun to run and when or if it was tolled. Thus, the Commission did not exceed its mandate on remand.

## II. Last Date of Payment of Compensation

Nonetheless, we reverse because the Commission erred in determining that the last date of compensation prior to March 13,

2002, occurred on May 24, 2001. The applicable statute of limitations is set out in Ark. Code Ann. § 11-9-702(b) as follows:

> Time for Filing Additional Compensation. (1) In cases where any compensation, including disability or medical, has been paid on account of injury, *a claim for additional compensation shall be barred unless filed with the commission within one (1) year from the date of the last payment of compensation* or two (2) years from the date of the injury, whichever is greater.

(Emphasis added.)

Thus, the filing of a claim for additional benefits tolls the running of the statute of limitations. *See Spencer v. Stone Container Corp.*, 72 Ark. App. 450, 38 S.W.3d 909 (2001). It is a claimant's burden to prove that he acted within the time allowed for filing a claim for additional compensation. *See Superior Fed. Sav. & Loan Ass'n v. Shelby*, 265 Ark. 599, 580 S.W.2d 201 (1979). Once a claim is dismissed for lack of prosecution, the claim is considered to have never been filed, and unless a new claim is filed within the statutory period of time allowed by § 11-9-702(b), the statute of limitations will bar any subsequent claims. *See Dillard, supra*.

In order to be entitled to additional treatment, appellant must have filed his claim for additional compensation within one year from the date of the last payment of compensation. Ark. Code Ann. § 11-9-702(b). For purposes of § 11-9-702(b), the provision of medical services constitutes payment of compensation. *See Plante v. Tyson Foods, Inc.*, 319 Ark. 126, 890 S.W.2d 253 (1994). Moreover, it is the furnishing of medical services, not the payment thereof, which constitutes the payment of compensation. *See Heflin v. Pepsi Cola Bottling Co.*, 244 Ark. 195, 424 S.W.2d 365 (1968); *Pennington v. Gene Cosby Floor & Carpet*, 51 Ark. App. 128, 911 S.W.2d 600 (1995); *Cheshire v. Foam Molding Co.*, 37 Ark. App. 78, 822 S.W.2d 412 (1992).

Here, we ordered the Commission to determine whether appellant received a payment of compensation within the one-year period preceding March 13, 2002. It determined that the last payment of compensation occurred on May 24, 2001. Hence, using the May 24, 2001 payment date as the beginning date for the statute of limitations, the Commission determined that the limitations period expired no later than May 24, 2002. Because more than one year had passed between May 24, 2002, and February 10, 2005, when appellant resumed medical treatment for his neck, the

Commission determined that the statute of limitations had expired, and denied appellant additional benefits.

◼ We hold that the Commission erred in determining that the last payment of compensation prior to March 13, 2002, occurred on May 24, 2001 — that was the last date prior to March 13, 2002, that the employer *paid for medical treatment*. However, the last date of compensation was the last date that appellant *received medical treatment* prior to March 13, 2002, which was September 12, 2001. *See Heflin, supra, Pennington, supra,* and *Cheshire, supra.* After March 13, 2002, appellant received medical treatment for his neck and shoulder injuries at least once every twelve months until he filed his next claim in June 2005, clearly within one year from the last date of treatment of February 10, 2005 (when he returned to Dr. Contreras).

◼ Finally, in *Kent I*, we did not address the compensability of appellant's claim. Now, based on the medical evidence, we conclude that reasonable persons could have reached the Commission's original findings 1) that appellant's continued treatment was necessitated by his work-related injuries, 2) that the first compensable surgery changed appellant's spine and caused the need for the second surgery, and 3) that appellant is entitled to receive temporary-total disability benefits from April 18, 2005, through June 7, 2005. *See Winslow v. D & B Mech. Contractors,* 69 Ark. App. 285, 13 S.W.3d 180 (2000). Because we so conclude, and because appellant filed a claim for additional benefits within one year of his last date of compensation, he is entitled to receive additional workers' compensation benefits.

Reversed and remanded for an award of benefits consistent with this opinion.

GLOVER and HEFFLEY, JJ., agree.