## INTERNATIONAL PAPER CO. *v.*
## CLARK COUNTY CIRCUIT COURT

08–861                                           289 S.W.3d 103

Supreme Court of Arkansas
Opinion delivered November 20, 2008

*Rose Law Firm*, by: *Tim Boe*, *Patrick J. Goss*, and *Robyn P. Allmendinger*, for petitioner.

*Arrington Law Firm, PLLC*, by: *Claudene T. Arrington*, for respondent.

DONALD L. CORBIN, Justice. Petitioner, International Paper Company, invokes this court's jurisdiction to request a writ of prohibition to prevent the Clark County Circuit Court from exercising jurisdiction over matters alleged to be within the exclusive jurisdiction of the Arkansas Workers' Compensation Commission. Our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(a)(3). We find merit to Petitioner's request and grant the writ of prohibition.

Our review of the pleadings reveals the following information. On January 6, 2004, Edna Pennington suffered a fatal, accidental injury while employed at Petitioner's Gurdon, Arkansas, facility. She was cleaning wood chips from the floor near a Hammer Hog Wood Chipper machine when her clothing became entangled in the shaft of the machine. Her cause of death was craniocerebral and facial trauma; she also suffered rib fractures and abrasions of her trunk and extremities. Petitioner had been granted authority from the Commission to self-insure its workers' compensation obligations. Petitioner, through a claims–management service, began paying weekly benefits to the decedent's husband, Gerald Pennington, and their minor son. Currently, the Death and Permanent Total Disability Fund is set to assume liability for payment of benefits in August of 2009.

On January 5, 2006, Gerald Pennington, individually and as personal representative of his wife's estate, filed a complaint in Clark County Circuit Court. He later amended the complaint, which stated numerous allegations, the gist of which was that Mrs. Pennington's injury and death were caused by Petitioner's failure to maintain a safe work environment and by Petitioner's intentional, deliberate, and willful conduct. The complaint alleged further that Petitioner's conduct was outrageous and intended to cause severe emotional distress and mental anguish.

Petitioner first responded to the complaint by filing a motion to dismiss for lack of jurisdiction and for failure to state a claim upon which relief may be granted. The circuit court considered the pleadings in the light most favorable to Mr. Pennington, as the party asserting the claims, and denied the motion to dismiss by order entered May 30, 2007. Petitioner then answered

the complaint. Respondent filed a motion to set a pretrial scheduling order. Petitioner then filed its petition for a writ of prohibition in this court.[1]

A writ of prohibition is extraordinary relief that is appropriate only when the circuit court is wholly without jurisdiction. *Coonrod v. Seay*, 367 Ark. 437, 241 S.W.3d 252 (2006). The writ is appropriate only when there is no other remedy available. *Id.* When considering a petition for a writ of prohibition, this court confines its review to the pleadings in the case. *Id.* Prohibition is a proper remedy when the jurisdiction of the trial court depends upon a legal rather than a factual question. *Id.* Prohibition is never issued to prohibit a trial court from erroneously exercising jurisdiction. *Erin, Inc. v. White County Circuit Court*, 369 Ark. 265, 253 S.W.3d 444 (2007). Writs of prohibition are prerogative writs, extremely narrow in scope and operation; they are to be used with great caution and forbearance. *Id.* They should issue only in cases of extreme necessity. *Id.*

In support of its request for a writ of prohibition, Petitioner first contends that the circuit court is wholly without jurisdiction of the claims alleged in the complaint because they are within the exclusive jurisdiction of the Arkansas Workers' Compensation Commission. We agree that, at this point in the litigation, the circuit court is wholly without jurisdiction of the matters alleged in this complaint.

Generally, an employer who has secured for its employees the benefits of workers' compensation is immune from liability for damages in a tort action brought by an injured employee, his legal representative, dependents, and next of kin. *Gourley v. Crossett Pub. Schs.*, 333 Ark. 178, 968 S.W.2d 56 (1998). This rule, known as the exclusivity doctrine, arises from Ark. Code Ann. § 11-9-105 (Repl. 2002), which provides that "[t]he rights and remedies granted to an employee subject to the provisions of this chapter, on account of injury or death, shall be exclusive of all other rights and remedies of the employee, his legal representative, dependents, [or] next of kin." This court has on occasion rendered certain

---

[1] Two parties filed responses to this petition — Clark County Circuit Court Judge John Thomas and Gerald Pennington, individually and as personal representative of his wife's estate. The proper party as respondent to a petition for writ of prohibition is the circuit court, not the judge, and not an injured worker's representative. *See Travelers Ins. Co. v. Smith*, 329 Ark. 336, 947 S.W.2d 382 (1997).

court-defined narrow exceptions to this general rule, such as when an employer willfully and intentionally injures an employee. *Gourley*, 333 Ark. at 181, 968 S.W.2d at 57-58 (citing *Hill v. Patterson*, 313 Ark. 322, 855 S.W.2d 297 (1993)).

Over ten years ago, this court recognized that its concurrent-jurisdiction approach was resulting in duplicative litigation and therefore contravening the purpose of the Arkansas Workers' Compensation Act, currently codified at Ark. Code Ann. §§ 11-9-101 to -1001 (Repl. 2002 & Supp. 2007), to achieve uniformity, simplicity, and speed in the disposition of cases. *VanWagoner v. Beverly Enters.*, 334 Ark. 12, 970 S.W.2d 810 (1998). This court therefore abandoned the concurrent-jurisdiction approach in favor of the administrative law rule of primary jurisdiction allowing the Commission to decide the applicability of the Workers' Compensation Act. *Id.* In so doing, this court stated as follows:

> We hold that the exclusive remedy of an employee or her representative on account of injury or death arising out of and in the course of her employment is a claim for compensation under § 11-9-105, and that the commission has exclusive, original jurisdiction to determine the facts that establish jurisdiction, unless the facts are so one-sided that this issue is no longer one of fact but one of law, such as an intentional tort. *See Angle v. Alexander*, 328 Ark. 714, 719, 945 S.W.2d 933 (1997) (citing *Miller v. Ensco, Inc.*, 286 Ark. 458, 461, 692 S.W.2d 615 (1985)) (explaining that, before an employee is free to bring a tort action for damages against an employer, the facts must show that the employer had a "desire" to bring about the consequences of the acts, or that the acts were premeditated with the specific intent to injure the employee). In so holding, we overrule all prior decisions to the extent that they are inconsistent with this opinion.

334 Ark. at 16, 970 S.W.2d at 812.

If, as the Respondent circuit court states in its response to this petition, there are facts alleged in the pleadings that are in need of further development, then, according to *VanWagoner*, the Commission is the forum with the exclusive jurisdiction to determine those facts relevant to the applicability of the Workers' Compensation Act. *VanWagoner* clearly states that it is the Commission that has exclusive jurisdiction to determine the facts that establish jurisdiction. The issue is one of "jurisdiction to deter-

mine jurisdiction," as distinguished from "jurisdiction to hear the merits of the case." *Nucor Corp. v. Rhine,* 366 Ark. 550, 555, 237 S.W.3d 52, 57 (2006).

Here, the complaint alleges that Petitioner committed numerous acts such as failure to make reasonable inspection of the equipment, failure to provide a safe workplace, failure to provide safety gear and lockdown measures, and violation of governmental safety regulations, among others. Our case law is clear that these types of allegations are covered exclusively by the Workers' Compensation Act, within the exclusive jurisdiction of the Commission, and are rarely if ever sufficient to satisfy the intentional tort exception to the Act's exclusive-remedy provision. *See, e.g., Miller v. Ensco, Inc.,* 286 Ark. 458, 692 S.W.2d 615 (1985). In addition, the complaint alleges intentional torts involving mental anguish such as intentional infliction of emotional distress and outrage. However, because all the allegations in this complaint are so intertwined, we cannot conclude the facts are so one-sided as to render the issue no longer one of fact, but of law. *See VanWagoner,* 334 Ark. 12, 970 S.W.2d 810. Accordingly, at this stage of the litigation, we conclude the Commission has exclusive jurisdiction to determine the applicability of the Act to the matters alleged in the complaint, and the circuit court is therefore wholly without jurisdiction.

█ Before granting a writ of prohibition, however, we must next determine if Petitioner has any other adequate remedy. As a general rule of appellate procedure, the denial of a motion to dismiss is not an appealable order under Ark. R. App. P.–Civ. 2. *Lenders Title Co. v. Chandler,* 353 Ark. 339, 107 S.W.3d 157 (2003). Moreover, this court has stated that a writ of prohibition is not the appropriate remedy following a denial of a motion to dismiss. *Ulmer v. Circuit Court of Polk County,* 366 Ark. 212, 234 S.W.3d 290 (2006). An appeal after a trial on the merits is not adequate, contends Petitioner, because it would contravene the very purpose of the Act and allow the floodgates of litigation to be opened simply by alleging matters in a complaint. This court has stated that where encroachment on the jurisdiction of the Workers' Compensation Commission is clear, a writ of prohibition is clearly warranted. *W. Waste Indus. v. Purifoy,* 326 Ark. 256, 930 S.W.2d 348 (1996) (citing *Hill v. Patterson,* 313 Ark. 322, 855 S.W.2d 297 (1993)); *see also Erin, Inc.,* 369 Ark. 265, 253 S.W.3d 444. Any perceived error in the Commission's decision on jurisdiction may

be tested and reviewed on appeal. *Erin, Inc.*, 369 Ark. 265, 253 S.W.3d 444. Because at this point in the litigation the exclusive jurisdiction of this case lies with the Commission, encroachment on the Commission's jurisdiction is clear, and we therefore grant the writ of prohibition.

Because we grant the writ of prohibition on jurisdictional grounds, we need not consider Petitioner's argument concerning the election-of-remedies doctrine.

Writ granted.