# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1858

_____

| | | |
|---|---|---|
| Curtis Ray Frisby, Special | * | |
| Administrator of the Estate of | * | |
| Shirley Fay Frisby, | * | |
| | * | |
| Plaintiff - Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Arkansas. |
| | * | |
| Milbank Manufacturing Co., | * | |
| | * | |
| Defendant - Appellee. | * | |

_____

Submitted: February 16, 2012
Filed: July 31, 2012

_____

Before LOKEN, BYE, and MELLOY, Circuit Judges.

_____

LOKEN, Circuit Judge.

Shirley Frisby collapsed and died from an apparent heart attack while working on an assembly line at Milbank Manufacturing Company's facility in El Dorado, Arkansas. A claim for workers' compensation death benefits was filed just before the two-year statute of limitations expired. See Ark. Code § 11-9-702(a)(1). After a contested hearing, the Arkansas Workers' Compensation Commission denied the claim, concluding that the claimant failed to establish by a preponderance of the evidence both "that Mrs. Frisby sustained a compensable myocardial infarction injury" and "that an accident is the major cause of the physical harm that Mrs. Frisby

sustained." See Ark. Code §§ 11-9-102(4)(A)(i), (iv); 11-9-114(b)(1). Curtis Frisby as administrator of his wife's estate then commenced this wrongful death diversity action against Milbank. The district court[1] dismissed the action as time barred. Frisby appeals, arguing that the filing of a workers' compensation claim tolls the statute of limitations for a tort claim against the employer for the same injury, and alternatively that the Arkansas "savings statute" applies and provided him one year after the workers' compensation claim denial to file this action for the same injury. Reviewing the district court's application of Arkansas law *de novo*, we affirm.

## I. Tolling

It is undisputed that the three-year statute of limitations for wrongful death actions expired while the claim for workers' compensation benefits was pending before the Commission. See Ark. Code § 16-62-102(c)(1). Under Arkansas law, a limitations period is tolled "[w]here an individual is prevented from exercising his legal remedy by the pendency of legal proceedings." Ragland v. Alpha Aviation, Inc., 686 S.W.2d 391, 393 (Ark. 1985). Frisby argues his action is not time-barred for this reason because he was required to pursue remedies before the Commission before he could maintain a suit in tort. Therefore, he contends, the claim for benefits to the Commission prevented exercise of his legal remedy and tolled the statute of limitations. The district court rejected the argument, noting that no case has applied this principle to proceedings before the Workers' Compensation Commission. After careful review of the relevant Supreme Court of Arkansas precedents, we agree.

The issue is whether Frisby could have filed a timely wrongful death action either before the claim for workers' compensation benefits was filed, or while that claim was pending before the Commission. A claim for workers' compensation

---

[1]The Honorable Harry F. Barnes, United States District Judge for the Western District of Arkansas.

benefits is an employee's exclusive remedy against her employer for injury or disease arising out of or in the course of employment. See Ark. Code § 11-9-105(a), (b)(1); Liberty Mut. Ins. Co. v. Coleman, 852 S.W.2d 816, 818 (Ark. 1993). However, an employee may sue the employer in tort for an injury not covered by the Act, such as an intentional tort or one not committed during the course of employment.[2] Many cases establish that, before the coverage issue is resolved, the Commission has jurisdiction to consider a claim for benefits, and a court has jurisdiction over a properly venued tort action. In VanWagoner v. Beverly Enterprises, 970 S.W.2d 810, 811-12 (Ark. 1998), the Supreme Court of Arkansas overruled prior cases and held that the Commission has exclusive authority to determine whether the Act covers a particular injury and therefore provides the claimant's exclusive remedy. Adopting the "administrative law rule of primary jurisdiction," the Court held that the Commission has "exclusive, original jurisdiction to determine the facts that establish jurisdiction, unless the facts are so one-sided that the issue is no longer one of fact but one of law, such as an intentional tort." Id. at 812.

Designed to ensure proper relationships between courts and administrative agencies, the doctrine of primary jurisdiction provides that a court, despite having subject matter jurisdiction, may not resolve "issues which, under a regulatory scheme, have been placed within the special competence of an administrative body." United States v. W. Pac. R.R. Co., 352 U.S. 59, 64 (1959); see Austin v. Centerpoint Energy Arkla, 226 S.W.3d 814, 823-24 (Ark. 2006). The court retains subject matter jurisdiction but allows the agency to address the contested issues. Reiter v. Cooper, 507 U.S. 258, 268-69 (1993). The court has discretion to stay the civil action while

---

[2]The parties vigorously dispute whether this principle applies to a claim for an injury that occurred during the course of Mrs. Frisby's employment but was ruled non-compensable by the Commission after an administrative hearing. Compare Automated Conveyor Sys. v. Hill, 208 S.W.3d 136, 138-39 (Ark. 2005), with Hickey v. Gardisser, No. CA10-98, 2010 WL 2195438 (Ark. App. June 2, 2010). We need not address the issue because Frisby's claim is in any event time-barred.

awaiting the agency's ruling, or to dismiss the action without prejudice if the parties would not be unfairly disadvantaged, for example, by the running of an applicable statute of limitations. Access Telecomms. v. Sw. Bell Tel. Co., 137 F.3d 605, 609 (8th Cir.), cert. denied, 525 U.S. 962 (1998).

The Supreme Court of Arkansas has applied these primary jurisdiction principles in workers' compensation cases. The issue arises most often when the parties to a tort action dispute whether the defendant was acting as plaintiff's employer or as a third party at the time of plaintiff's injury. The Supreme Court has emphasized that the Commission's primary jurisdiction to decide this issue does not strip the court of subject matter jurisdiction over plaintiff's tort action. See Merez v. Squire Court Ltd. P'ship, 114 S.W.3d 184, 189 (Ark. 2003). Rather, when correcting a lower court's failure to defer to the Commission, the Court has remanded to allow plaintiff to seek the Commission's determination of coverage instead of ordering the case dismissed for lack of jurisdiction. See Stocks v. Affiliated Foods Sw., Inc., 213 S.W.3d 3, 6 (Ark. 2005).

Though the Supreme Court of Arkansas has not considered this tolling issue, its primary jurisdiction precedents confirm that Frisby could have filed his wrongful death tort action before the claim for workers' compensation benefits was filed with the Commission, or while that claim was pending. Frisby argues that Supreme Court of Arkansas decisions granting writs of prohibition to courts that ignored the Commission's primary jurisdiction to determine coverage establish that courts lack jurisdiction over a tort action before the Commission has ruled. See Int'l Paper Co. v. Clark Cnty. Circuit Court, 289 S.W.3d 103, 105-07 (Ark. 2008); Erin, Inc. v. White Cnty. Circuit Court, 253 S.W.3d 444, 449 (Ark. 2007). But those decisions were based on the trial courts' lack of jurisdiction to decide the coverage issue, not on a lack of subject matter jurisdiction over the underlying tort claims. As the Supreme Court explained in Merez, 114 S.W.3d at 189:

-4-

the trial court plainly had subject-matter jurisdiction over the suit filed by Appellants, which stated claims for negligence. What the trial court did not have jurisdiction over was the determination of the applicability of the Workers' Compensation Act . . . . That jurisdiction belongs to the Commission.

See Clark County, 289 S.W.3d at 107 ("*at this point in the litigation* the exclusive jurisdiction of this case lies with the Commission . . . and we therefore grant the writ of prohibition") (emphasis added).

Frisby argues that the Supreme Court of Arkansas would follow the decision of the Supreme Court of California in Elkins v. Derby, 525 P.2d 81 (Cal. 1974), in which that Court held it would be inequitable and inefficient not to toll the statute of limitations for tort actions while the injured party pursued an unsuccessful claim for workers' compensation benefits. However, California law (at least at that time) provided a one-year limitations period for both tort actions and workers' compensation claims; the Court noted that, without tolling, "to avert loss of his rights, an injured party is forced to initiate proceedings with both the compensation board and a superior court [that would impose] onerous procedural burdens upon himself, his employer, and the already overtaxed judicial system." Id. at 88.

By contrast, Arkansas law provides two years to bring a claim before the Commission and three years to commence a tort action; thus, even without tolling, relatively few protective tort actions will need be filed before the Commission determines Workers' Compensation Act coverage.[3] Moreover, the no-jurisdiction rule Frisby urges would eliminate an injured party's opportunity to file the tort action first and avoid delay incident to the Commission's primary jurisdiction by persuading a court that "the [coverage] facts are so one-sided that the issue is no longer one of

---

[3]We were advised at oral argument that the Commission has a procedural rule that cases must be decided within 90 days of the administrative hearing.

fact but one of law." VanWagoner, 970 S.W.2d at 812. The principles of primary jurisdiction being so clearly established, we conclude that the Supreme Court of Arkansas would hold that a pending claim before the Commission is not a legal proceeding that prevents an injured party from filing a tort action and thereby tolls the statute of limitations for that legal remedy. Accord State ex rel. Kansas City Stock Yards Co. v. Clark, 536 S.W.2d 142, 146-47 (Mo. 1976); Winston v. Richard W. Wines, Inc., 351 P.2d 929, 930-31 (Wash. 1960).[4]

Because Frisby was able to file a timely wrongful death tort action before or concurrent with the claim for workers' compensation benefits, the district court correctly rejected his tolling argument. Under Arkansas law, ignorance of an available cause of action does not toll the statute of limitations. Stracener v. Williams, 137 S.W.3d 428, 431 (Ark. App. 2003).

## II. The Savings Statute

Frisby also argues that the Arkansas "savings statute" gave him one year after the Commission dismissed the workers' compensation claim to file this wrongful death action. As relevant here, the savings statute provides that, if "any action" is commenced within the time prescribed "and the plaintiff therein suffers a nonsuit . . . the plaintiff may commence a new action within one (1) year after the nonsuit suffered." Ark. Code § 16-56-126. The statute's purpose is to give those litigants "who, from causes incident to the administration of the law, are compelled to abandon their present action . . . a reasonable time in which to renew such action." State Bank v. Magness, 11 Ark. 343, 1850 WL 563, *3 (1850). The district court rejected this

---

[4]We acknowledge that a far stronger case for tolling would be presented if the Commission ruled an injury compensable before the statute of limitations for a tort action expired, making workers' compensation benefits the claimant's exclusive remedy, and a reviewing court reversed that ruling after the statute of limitations expired. See Butler v. Glen Oak's Turf, Inc., 395 S.E.2d 277, 279 (Ga. App. 1990).

contention, concluding that the Commission's fourteen-page opinion "is a decision on the merits of the claim [which] is not the same as a nonsuit." We agree.

Frisby argues that dismissing the workers' compensation claim based on Milbank's defense "that the death of Mrs. Frisby was not occasioned by any unusual or extraordinary exertion had the same effect as a non-suit." He relies on the broad statement by the Supreme Court of Arkansas in a number of cases that, "[f]or the purposes of the [savings] statute, a dismissal of a complaint on defendant's motion is the same as a nonsuit." Carton v. Mo. Pac. R.R. Co., 747 S.W.2d 93, 94 (Ark. 1988), quoted in Miller v. Norris, 247 F.3d 736, 739 (8th Cir. 2001). But the contention takes those decisions completely out of context. Each involved a dismissal without prejudice for a flaw unrelated to the merits of the plaintiff's claims, such as lack of diversity jurisdiction or failure to exhaust prison remedies. Here, the workers' compensation claim on behalf of Mrs. Frisby was denied on the merits for two distinct reasons. No prior Arkansas decision supports calling this a "nonsuit."[5]

For the foregoing reasons, the judgment of the district court is affirmed.

MELLOY, Circuit Judge, dissenting.

I respectfully dissent from the majority holding that the statute of limitations was not tolled during the pendency of appellant's workers' compensation proceeding.

---

[5]We also have considerable doubt whether the savings statute applies in workers' compensation cases, see Single Source Transportation, Inc. v. Kent, 258 S.W.3d 416, 418 n.1 (Ark App. 2007), and if it does, whether the claimant's cause[s] of action in tort would be "the same in substance" as the nonsuited workers' compensation claim for savings statute purposes, see Dillaha v. Yamaha Motor Corp., U.S.A., 23 F.3d 1376, 1377-78 (8th Cir. 1994). But we need not address these issues.

The majority holds that there is nothing to prevent a workers' compensation claimant from filing a concurrent tort proceeding in state court. While I do not take issue with the majority statement that the Arkansas state courts have primary jurisdiction over tort claims, that does not resolve the issue of when those claims can be filed. I believe the more recent Supreme Court of Arkansas precedent clearly establishes that a tort claim cannot be filed in the Arkansas Circuit Court until the Workers' Compensation Commission determines whether it has jurisdiction over the claim. I believe International Paper Co. v. Clark County Circuit Court, 375 Ark. 127, 289 S.W.3d 103 (Ark. 2008) is controlling. The court there explained that the Workers' Compensation Commission has exclusive jurisdiction to determine whether an injury that arguably arose out of a person's employment was within the ambit of the Workers' Compensation Act. Until that determination is made ". . . the circuit court is therefore wholly without jurisdiction." In International Paper, the Supreme Court of Arkansas, on facts that are very analogous to our situation, granted a writ of prohibition because the circuit court had denied a motion to dismiss. The court went on to order that the case be dismissed "because at this point in the litigation the exclusive jurisdiction of this case lies with the Commission." Id. at 132.

I believe International Paper, which appears to be the most recent Supreme Court of Arkansas decision on the interplay of circuit court and Workers' Compensation Commission jurisdiction, is controlling, as it requires the dismissal of any suit filed in the Arkansas circuit courts prior to the Workers' Compensation Commission's resolution of the jurisdictional issue. The majority's attempt to distinguish International Paper incorrectly characterizes the holding in that case. While it is true that a circuit court lacks jurisdiction to decide the coverage issue, the holding in International Paper went beyond that, effectively stating that the circuit

-8-

court is "wholly without" jurisdiction over the case unless and until[6] the Commission resolves the coverage issue: "Accordingly, at this stage of the litigation, we conclude the Commission has exclusive jurisdiction to determine the applicability of the Act to the matters alleged in the complaint, and the circuit court is therefore wholly without jurisdiction." Id. at 131.

Moreover, even if there is some possibility that the suit could be stayed, it seems to me to be an extremely inefficient procedure to require a suit be filed, and then stayed, over a matter which may ultimately be determined to be within the exclusive jurisdiction of the Workers' Compensation Commission. Such a result is totally inconsistent with the normal concept of requiring a claimant in a judicial proceeding to first exhaust any administrative or non-judicial remedies that may be available to him or her. Indeed, the majority's reliance on the doctrine of primary jurisdiction in reaching this inefficient result is peculiar, as the Supreme Court of Arkansas specifically adopted that doctrine in the workers' compensation context to do away with the inefficient litigation tactics the majority now says are required of injured employees who may have viable tort claims. Int'l Paper, 375 Ark. at 130. The majority speculates that, notwithstanding the court's holding today, relatively few protective actions will need to be filed, citing for support counsel's assertion at oral argument that the Commission has a procedural rule requiring decisions within ninety days of the administrative hearing. The typical wait between the filing of a claim and the administrative hearing, however, is neither discussed in the majority opinion nor

---

[6]Of course, a circuit court has jurisdiction from the outset if "the facts are so one-sided that this issue is no longer one of fact but one of law, such as an intentional tort." Int'l Paper, 375 Ark. at 130–131. A holding that the pendency of a claim before the Commission tolls the statute of limitations for related tort claims would do nothing to change this settled rule, contrary to the majority's assertion. Indeed, such "one-sided" cases are exempted from the typical jurisdictional analyses applied by the Supreme Court of Arkansas to employment tort actions in the workers' compensation context. Accordingly, it is puzzling that the majority suggests a holding, one way or another, on the tolling issue would impact such cases.

apparent from the record. What *is* apparent from the record, however, is that sixteen months elapsed between when the claim was filed and when the hearing occurred in this case. If this wait is at all typical, then even the speediest of claimants will be well advised to file protective actions in cases like these. This is not to mention the possibility of administrative appeals and other procedural delays—all circumstances that, taken together, will needlessly multiply litigation in the courts, a result that is entirely contrary to the Supreme Court of Arkansas's decision to vest the Commission with primary and exclusive jurisdiction at the outset of these cases.

For these reasons, I respectfully dissent and would hold that the statute of limitations was tolled during the pendency of the workers' compensation proceedings.

_____