MELLOY, Circuit Judge,
dissenting.
I respectfully dissent from the majority holding that the statute of limitations was not tolled during the pendency of appellant’s workers’ compensation proceeding.
The majority holds that there is nothing to prevent a workers’ compensation claimant from filing a concurrent tort proceeding in state court. While I do not take issue with the majority statement that the Arkansas state courts have primary jurisdiction over tort claims, that does not resolve the issue of when those claims can be filed. I believe the more recent Supreme Court of Arkansas precedent clearly establishes that a tort claim cannot be filed in the Arkansas Circuit Court until the Workers’ Compensation Commission determines whether it has jurisdiction over the claim. I believe International Paper Co. v. Clark County Circuit Court, 375 Ark. 127, 289 S.W.3d 103 (Ark.2008) is controlling. The court there explained that the Workers’ Compensation Commission has exclusive jurisdiction to determine whether an injury that arguably arose out of a person’s employment was within the ambit of the Workers’ Compensation Act. Until that determination is made “... the circuit court is therefore wholly without jurisdiction.” In International Paper, the Supreme Court of Arkansas, on facts that are very analogous to our situation, granted a writ of prohibition because the circuit court had denied a motion to dismiss. The court went on to order that the case be dismissed “because at this point in the litigation the exclusive jurisdiction of this case lies with the Commission.” Id. at 132, 289 S.W.3d 103.
I believe International Paper, which appears to be the most recent Supreme Court of Arkansas decision on the interplay of circuit court and Workers’ Compensation Commission jurisdiction, is controlling, as it requires the dismissal of any *546 suit filed in the Arkansas circuit courts prior to the Workers’ Compensation Commission’s resolution of the jurisdictional issue. The majority’s attempt to distinguish International Paper incorrectly characterizes the holding in that case. While it is true that a circuit court lacks jurisdiction to decide the coverage issue, the holding in International Paper went beyond that, effectively stating that the circuit court is “wholly without” jurisdiction over the case unless and until[6] the Commission resolves the coverage issue: “Accordingly, at this stage of the litigation, we conclude the Commission has exclusive jurisdiction to determine the applicability of the Act to the matters alleged in the complaint, and the circuit court is therefore wholly without jurisdiction.” Id. at 131, 289 S.W.3d 103.
Moreover, even if there is some possibility that the suit could be stayed, it seems to me to be an extremely inefficient procedure to require a suit be filed, and then stayed, over a matter which may ultimately be determined to be within the exclusive jurisdiction of the Workers’ Compensation Commission. Such a result is totally inconsistent with the normal concept of requiring a claimant in a judicial proceeding to first exhaust any administrative or nonjudicial remedies that may be available to him or her. Indeed, the majority’s reliance on the doctrine of primary jurisdiction in reaching this inefficient result is peculiar, as the Supreme Court of Arkansas specifically adopted that doctrine in the workers’ compensation context to do away with the inefficient litigation tactics the majority now says are required of injured employees who may have viable tort claims. Int’l Paper, 375 Ark. at 130, 289 S.W.3d 103. The majority speculates that, notwithstanding the court’s holding today, relatively few protective actions will need to be filed, citing for support counsel’s assertion at oral argument that the Commission has a procedural rule requiring decisions within ninety days of the administrative hearing. The typical wait between the filing of a claim and the administrative hearing, however, is neither discussed in the majority opinion nor apparent from the record. What is apparent from the record, however, is that sixteen months elapsed between when the claim was filed and when the hearing occurred in this case. If this wait is at all typical, then even the speediest of claimants will be well advised to file protective actions in cases like these. This is not to mention the possibility of administrative appeals and other procedural delays — all circumstances that, taken together, will needlessly multiply litigation in the courts, a result that is entirely contrary to the Supreme Court of Arkansas’s decision to vest the Commission with primary and exclusive jurisdiction at the outset of these cases.
For these reasons, I respectfully dissent and would hold that the statute of limitations was tolled during the pendency of the workers’ compensation proceedings.

. Of course, a circuit court has jurisdiction from the outset if "the facts are so one-sided that this issue is no longer one of fact but one of law, such as an intentional tort.” Int’l Paper, 375 Ark. at 130-131, 289 S.W.3d 103. A holding that the pendency of a claim before the Commission tolls the statute of limitations for related tort claims would do nothing to change this settled rule, contrary to the majority’s assertion. Indeed, such "one-sided” cases are exempted from the typical jurisdictional analyses applied by the Supreme Court of Arkansas to employment tort actions in the workers' compensation context. Accordingly, it is puzzling that the majority suggests a holding, one way or another, on the tolling issue would impact such cases.