

# SUPREME COURT OF ARKANSAS

No. CV–14–402

| | |
|---|---|
| ENTERGY ARKANSAS, INC.;<br>ENTERGY OPERATIONS, INC.; AND<br>DP ENGINEERING, LTD. CO.<br><div align="right">PETITIONERS</div> | **Opinion Delivered** December 11, 2014<br><br>PETITION FOR WRIT OF<br>PROHIBITION OR CERTIORARI;<br>PETITION FOR WRIT OF<br>PROHIBITION |
| V. | |
| POPE COUNTY CIRCUIT COURT<br><div align="right">RESPONDENT</div><br><br>JESS CLAYTON<br><div align="right">SEPARATE RESPONDENT</div> | <u>PETITIONS FOR WRIT OF<br>PROHIBITION GRANTED</u>. |

**PAUL E. DANIELSON, Associate Justice**

Petitioners Entergy Arkansas, Inc. ("EAI"); Entergy Operations, Inc. ("EOI") (collectively "Entergy"); and DP Engineering, Ltd. Co. ("DP"), petition this court for writs of prohibition directed to the respondent Pope County Circuit Court, which denied their motions to dismiss the complaint of the plaintiff below, Jess Clayton.[1] Entergy and DP contend that the circuit court is precluded from continuing to exercise jurisdiction over

---

[1]While not named as a respondent by Entergy and DP, Clayton has assumed the role of a separate respondent for purposes of these petitions. This court has observed that the proper party as respondent to a petition for writ of prohibition is the circuit court, not the judge, and not an injured worker or his or her representative. *See International Paper Co. v. Clark Cnty. Cir. Ct.*, 375 Ark. 127, 289 S.W.3d 103 (2008). However, in the instant case, the Attorney General notified this court on May 9, 2014, that it would not file a response to Entergy's petition on behalf of the named respondent, the Pope County Circuit Court. In addition, this court granted DP's motion for leave to join in Entergy's petition on May 29, 2014, and DP filed its petition for writ of prohibition on June 5, 2014.

Clayton's claims against them because jurisdiction lay exclusively with the Arkansas Workers' Compensation Commission ("the Commission") to determine the applicability of the Workers' Compensation Act. For the reasons set forth in *Entergy Arkansas, Inc. v. Pope County Circuit Court*, 2014 Ark. 506, delivered this same day, we grant the writs of prohibition.

The record in the instant case reflects that on September 19, 2013, Jess Clayton filed a personal-injury complaint in the circuit court.[2] The complaint alleged that on Easter Sunday, 2013, Clayton was working at Entergy's Arkansas Nuclear One ("ANO") facility near Russellville, when he was injured by a falling steel beam. Clayton asserted that he suffered multiple and massive physical injuries, including a broken back and leg, as well as severe cuts, scrapes, and contusions.

Clayton averred that he was an employee of Precision Surveillance Corporation ("PSC"), "which was contracted by Entergy." Clayton claimed that prior to his injury, Entergy had decided to complete needed maintenance at its ANO facility that included the removal of the "Main Turbine Generator Stator," which weighed over a million pounds. Clayton stated that the stator required a crane to move it and that Entergy had hired Siemens "to help plan, execute, hire subcontractors, and provide other support" for the required maintenance. According to the complaint, Bigge was contracted as the crane provider, and DP was retained to "provide engineering advice as to the ability of the turbine building deck to support the weight of the crane and the stator." Clayton claimed that on the day of the

---

[2]The complaint named several defendants, including: Bigge Power Constructors; Bigge Crane and Rigging Co.; Bigge Group, Inc.; Siemens Energy, Inc.; DP; EAI; EOI; VEI General Contractors, Inc.; and John Doe 1, John Doe 2, and John Doe 3.

accident, while the lift of the stator was in progress, he, along with others, was directed to remove a guardrail to facilitate the stator's move; just after doing so, the crane holding the stator buckled and crashed down, resulting in the crane's beams falling, one of which injured Clayton. Clayton alleged ordinary negligence, negligent hiring, negligent training, negligent supervision, negligent retention, and negligent retention of an independent contractor on the part of Bigge, Siemens, DP, Entergy, and VEI Contractors, and he sought damages and punitive damages, declaratory relief, and a jury trial.

On October 30, Entergy moved to dismiss or, alternatively, to stay the proceedings. The basis for the motion was that both EAI and EOI were statutory employers, or alternatively special employers, of Clayton and were therefore immune from suit under Arkansas's workers' compensation laws. Entergy alternatively sought a stay of the action with direction to the parties to present the issue to the Commission, if the court determined that there was a factual issue preventing Entergy's dismissal. Attached to Entergy's motion were several exhibits consisting of multiple pages. Clayton responded to the motion, asserting that he was PSC's employee and that he was covered by workers' compensation insurance provided by PSC. Clayton claimed that neither EAI nor EOI could satisfy the requirements to be a statutory or special employer as a matter of law, and therefore, Entergy's motion to dismiss should be denied. Clayton later amended his response to include additional exhibits, and he filed a first amended complaint, incorporating by reference his original complaint and requesting damages for future pain and suffering. Entergy also filed a motion to dismiss the amended complaint or, alternatively, to stay the proceedings, incorporating by reference its

prior motion, brief in support, and reply to Clayton's response.

DP similarly filed a motion to dismiss, in part, on December 18, 2013. It asserted that, in the event that Clayton was a statutory or special employee of Entergy at the time of his injury, DP's general employees, who were also onsite at ANO, were Entergy's special employees as well. DP claimed that its general employees were also protected as Clayton's co-employees by the exclusive-remedy provisions of Arkansas's workers' compensation laws, making them personally immune from liability. DP alleged that if its employees' personal liability was extinguished under the exclusive-remedy provision, so too was any vicarious liability that could be imputed to DP. DP further adopted and incorporated by reference the arguments, authorities, and exhibits relied on by Entergy, and sought dismissal of Clayton's ordinary-negligence claim or, alternatively, a stay of the proceedings pending review by the Commission.

On December 19, 2013, the circuit court held a hearing on various pending motions in both the instant case and that involving the death of Wade Walters, including Entergy's and DP's motions to dismiss.[3] It subsequently entered its order denying the motions on March 12, 2014. The circuit court's twenty-three-and-one-third page order contained fifty-three findings of fact and forty-three conclusions of law. The order ultimately concluded that neither EAI nor EOI could satisfy the requirements to be a "statutory" or "special" employer of Walters or Clayton as a matter of law; it therefore denied Entergy's motion to dismiss in

---

[3]The circuit court further noted that the hearing included matters in a case styled as *Entergy Arkansas, Inc. v. Bigge Crane & Rigging Co.*, No. 2013-166.

its entirety. The circuit court further concluded that DP could not establish immunity as a matter of law and also denied its motion to dismiss in its entirety.

On May 7, 2014, Entergy filed the instant petition for writ of prohibition or certiorari with this court, claiming that the circuit court is wholly without jurisdiction and seeking to prevent the circuit court from continuing to exercise jurisdiction over the matter until the Commission has spoken. It contends that the Commission has exclusive, original jurisdiction to decide in the first instance whether Clayton's claims against it are covered by the Workers' Compensation Act. Entergy avers that both of its defenses under the Act are fact-based and, therefore, the Commission must decide in the first instance the fact-driven question of whether Entergy is a statutory or special employer covered by the Act. Clayton, on the other hand, urges that the material facts are undisputed such that the circuit court had jurisdiction to determine Entergy's immunity as a matter of law.

DP also petitions this court for a writ of prohibition, adopting and incorporating Entergy's arguments in its petition. DP contends that Arkansas law is clear that the Commission has exclusive jurisdiction to consider and decide issues of fact, including factual issues regarding the existence of a special-employer relationship, as well as issues of fact regarding whether a person is entitled to co-employee immunity. Accordingly, it urges, the circuit court encroached upon and supplanted the Commission's jurisdiction when it issued the order denying DP's and Entergy's motions to dismiss and declined to send the issues of special employer/employee, exclusive-remedy immunity, and co-employee immunity to the Commission for consideration and determination, and the writ should be issued. As he did

5

in response to Entergy's petition, Clayton argues that the parties agreed that the facts were undisputed such that the circuit court could determine the issues before it as matters of law. To that end, he contends, the circuit court correctly exercised its jurisdiction in denying the motions to dismiss.

We agree with Entergy and DP that the writs are warranted for the reasons set forth this same day in *Entergy Arkansas, Inc. v. Pope County Circuit Court*, 2014 Ark. 506. We therefore grant the petitions for writ of prohibition.

Petitions for writ of prohibition granted.

BAKER and HART, JJ., dissent.

**KAREN R. BAKER, Justice, dissenting.** I dissent in this case for the same reasons that I dissent in the companion case of *Entergy Arkansas, Inc. v. Pope County*, 2014 Ark 506, ___ S.W.3d____ delivered this same day.

HART, J., joins in this dissent.

*Quattlebaum, Grooms, Tull & Burrow PLLC*, by: *Steven W. Quattleaum*, *John E. Tull III*, and *Michael N. Shannon*;
*Davis, Clark, Butt, Carithers & Taylor, PLC*, by: *Constance G. Clark*, *Colin M. Johnson*, and *Kelly Carithers*; and
*Munson, Rowlett, Moore and Boone, P.A.*, by: *Bruce E. Munson*, *Elizabeth A. Fletcher*, and *Beverly D. Rowlett*; and *Kane Russell Coleman & Logan PC*, by: *Lawrence T. Bowman* and *Sanjay K. Minocha*, for petitioners.

*Brian G. Brooks, Attorney at Law, PLLC*, by: *Brian G. Brooks*;
*Walas Law Firm, PLLC*, by: *Breean Walas*; and
*Bailey & Oliver Law Firm*, by: *Sach D. Oliver*, *Frank H. Bailey*, and *T. Ryan Scott*, for respondents.